# WEAVER, use, &c. v. TRAYLOR.

1. Evidence is not admissible to prove declarations of his interest, in the matter of controversy, previously made by a witness, unless he has been examined, as to such declarations, and had the opportunity of admitting, denying, or explaining such declarations.

Error to the Circuit Court of Perry county.

This was an action of assumpsit, brought by the plaintiff against the defendant in the circuit court of Perry. On the trial, a bill

of exceptions was taken, which sets forth, that the plaintiff introduced the deposition of Allen E. Laughridge; which was read to the jury. The defendant sought to impeach the credibility of this witness, by proposing to prove certain declarations previously made to the defendant, pending the action. The declarations proposed to be given in evidence, were to the effect, that the witness Laughridge, claimed an interest in the demand, to recover which the action was instituted; that he said to the defendant during the fall term, 1842, if the plaintiff recovered a judgment, he said Laughridge would contend for his part of it; the deposition of said witness was taken in December afterwards. At the taking of the deposition of the witness, the defendant was represented by counsel, who cross-examined said witness, and though said counsel excepted to certain portions of the testimony; the exceptions had no reference to any supposed interest of the witness in the matter in controversy, and no questions were propounded to the witness touching his interest; nor did it appear that any questions were propounded to said witness, on his said examination, relating to any declarations made by him, said witness, respecting this action, or the claim on which it was founded, nor any claim or interest, asserted by said witness, at any time to any portion of the demand sued for.' To the defendant's proposition to give in evidence the declarations of said witness, as referred to above, the plaintiff objected, but the objection was overruled, and those declarations of the witness permitted to go to jury—the plaintiff excepted to the opinion of the court; and now assigns for error,

1. Permitting the credibility of the witness Laughridge, to be impeached, by permitting testimony as to his declarations, without first interrogating *him* as to those declarations.

2. The matters disclosed by the bill of exceptions.

WM. HUNTER, for the plaintiff in error.
G. W. GAYLE, *contra*.

CLAY, J.—But one question arises under the assignment of errors. That question is, whether it was proper to permit evidence to go to the jury, to impeach the credibility of the witness, Laughridge, on account of declarations of his interest in the matter in controversy, made before his deposition was taken? The

general rule is, " that, whenever the credit of a witness is to be impeached, by proof of any thing he has said, or declared, or done in relation to the cause, he is first to be asked, upon cross-examination, whether he has said or declared, or done that, which is intended to be proved." If the witness admits the declarations or acts, he has it in his power to explain, or give the reasons which go in exculpation of his conduct, and the whole matter is brought fairly before the court. If he deny the declarations or acts imputed to him, then witnesses may be called to contradict him. This rule is extended so far, that " although the fact to be adduced, in order to impeach the winess's testimony, be not discovered until after the conclusion of the cross-examination, the rule still holds; and evidence cannot be given, for the purpose of thus impeaching his testimony, without previous examination of the witness, even although the witness should have departed the court, and cannot be brought back, after the discovery has been made." [See 3 Starkie's Ev. 1753, '4 '6.] This rule is equally necessary to protect the witness from unjust aspersion, and to protect the interest of the party who relies on his testimony.

The rule laid down has received the sanction of this court on more than one occasion. In the case of Lewis v. Post & Main, [1 Ala. Rep. N. S. 65,] it was ruled, that when a witness, on cross-examination, is asked whether he has not made other statements than those sworn to, he may inquire as to the particular time or statement, to which the cross-examination relates, and if the information is not given, he ought not to be compelled to answer. [See the State v. Marler, 2 Ala. Rep. N. S. 43, and 2 Brod. and Bing. 310.]

In this case, the bill of exceptions shews, that the defendant was represented by counsel when the deposition was taken, who cross-examined the witness, but propounded no question in relation to any previous declaration of the witness, about his interest in the matter of controversy. If he had done so, the witness might have explained satisfactorily, or he might have been able to show, that although once interested he had ceased to be so; then the defendant might have introduced testimony to contradict the witness, if in his power.

This view of the authorities applicable to the subject, brings us to the conclusion, that the court below erred in admitting

proof of the declarations of interest, previously made by the witness.

Let the judgment be reversed and the cause remanded.