# Martin v. State.

*Indictment for Murder.*

[DECIDED FEB. 8, 1906, 40 So. REP. 275 ]

- *Jury; Motion to Quash Venire; Grounds.*—A motion to quash the venire based upon the ground that on the day of trial the sheriff borrowed from the defendant the copy of the indictment and venire served upon him, and kept it for about an hour, and returned it promptly on request of defendant's counsel, is properly overruled.

2  *Same; Drawing Jury; Identity of Juror.*—It was error to put a juror upon defendant in a capital case, who was drawn as H. Dudley P. but whose real name was Hiram W. P.

3. *Homicide; Evidence; Admissibility.*—Where the evidence did not show that the defendant was not the aggressor, and it was not pretended that deceased was about to carry into execution any threats, it was proper to exclude evidence of threats alleged to have been made by the deceased.

4. *Criminal Law; Question to Witness Where Answer not Disclosed.*
One  proposed  to draw out certain testimony to a question

[Martin v. State.]

propounded, to which objection is made and sustained, should
state what answer is expected to the question, if he would put
the court in error in sustaining the objection to the question.

APPEAL from Russell Circuit Court.

Heard before the Hon. A. A. EVANS.

Ben Martin was indicted for the murder of Willis
Fort, by shooting him with a pistol. When the case was
called, but before the trial was entered upon, the defend-
ant in writing moved the court as follows: "Comes the
defendant and moves the court to quash the venire in
said cause because the copy of the same was not served
upon him as required by law, in this; That a certain
paper purporting to be a copy of the list of the regular
jurors for the week of the trial of defendant, together
with a copy of the list of the special veniremen sum-
moned for his trial, was placed in possession of this de-
fendant more than one entire day preceding the day of
his trial, but this defendant avers that such paper so
served upon him was withdrawn from his possession
several hours before the time set for his trial, and while
he was still in prison, and that such withdrawal was
made by the sheriff of said county.

2nd. Defendant moves to quash said venire upon the
further grounds that a copy of the indictment found
against him has not been served upon him, as required
by law, in this; that a paper purporting to be a copy of
said indictmenet was placed in the hands of the defend-
ant more than one entire day before the day set for his
trial, but this defendant avers that while he was still in
prison, such paper was withdrawn from his possession
by the sheriff of Russell county, several hours before
the time set for his trial.

3rd. Defendant moves the court to quash the special
venire summoned for the trial of said cause upon the
ground that he has not been legally served with a copy
thereof, in this; that he was deprived of the possession
of the paper purporting to be such copy, between the
time the same was placed in his hands by the sheriff, and
the time his case was called for trial, and while he was
still in the custody of the sheriff, and that such paper
was taken from his possession by the sheriff of Russell
county.

In support of this motion it was shown without conflict that within less than an hour before the defendant was brought into the court house from the jail on the morning of his trial, and while he was still in the county jail, the deputy sheriff went into the jail and told defendant he wanted him to lend him the paper Mr. Bellamy had given him, as he wanted to make a copy of the names on it. The defendant surrendered to said deputy sheriff the said papers. When the defendant was brought into the court room his attorneys asked for the papers, and was told by the defendant that he had given them to the deputy sheriff, and when the attorneys applied to the sheriff for the papers he delivered to them what purported to be a copy of the indictment and venire, and the defendant admitted that they were the same papers that had been served upon him.

It was conceded that the deceased lived nine days after receiving the wounds inflicted. The State introduced the following declaration: "Oh, I am dead, I am dying. Bud (meaning defendant) has done killed me. Give me some water, I am dead." The defendant then offered to prove a declaration made by deceased to same witness shortly after the above exclamation made by the deceased, but did not state to the court what the declaration was. The state objected and the court sustained the objection. The defendant was convicted and sentenced to be hanged.

J. E. HENRY and FRANK DEGRAFFENREID, for appellant. No brief came into the hands of the reporter.

MASSEY WILSON, Atty. Gen., for State, argued that the action of the court in putting the juror upon defendant was correct. 1st, because the mistake was in the middle initial and the court could have discarded the said juror on motion of the defendant, but no such motion was made. Objection to having the juror put upon him is not the equivalent of a motion by the defendant to lay the name aside and substitute another.—*Roberts v. State,* 68 Ala. 156; *Bill v. State,* 29 Ala. 34; *Aiken v. State,* 35 Ala. 399; *Jones v. State,* 104 Ala. 30; 12 Enc. Pl. and Pr.

p. 354. The law recognizes but one given or christian name, and the variance in the middle initial does not constitute a mistake within the meaning of the statute.— *Pace v. State,* 69 Ala. 231; *Sewell v. State,* 82 Ala. 57; *Rampey v. State,* 83 Ala. 31; *Kimbrell v. State,* 130 Ala. 40. The trial court being satisfied that H. W. P. was intended to be summoned, even a motion to discard might have been properly overruled.—*Jackson v. State,* 97 Ala. 65; *Kimbrell v. State,* 130 Ala. 40.

The declaration proposed to be proved was properly excluded.—*Ross v. State,* 139 Ala. 144, 147.

DENSON, J.—When the case was called for trial the defendant moved that the venire be quashed. The grounds for the motion were that a copy of the venire and the indictment had not been served upon him as required by law, and that he was deprived of the possession of the papers purporting to be copies of the venire and indictment by the sheriff between the time the same was placed in his hands by the sheriff and the time when his case was called for trial, and while he was in custody of the sheriff. In support of the motion it was shown, without conflict in the evidence, that on the morning of the day the cause was called for trial the deputy sheriff, acting under instructions of the sheriff, applied to the defendant in the jail to lend him the paper the sheriff had given him, stating to the defendant at the time that he wanted to make a copy of the names of the venire. The defendant granted the request, and the sheriff kept the papers a little over a half hour, and on request of defendant's counsel, when the case was called for trial, promptly delivered the papers to them. On this state of the case we fail to see that any wrong-doing can be attributed to the sheriff, or that the defendant was deprived of any right. Whether or not he would accommodate the sheriff by lending the copies served on him was a matter entirely optional with him. The court properly overruled this motion.

In organizing the jury to try the case the name of H. Dudley Prickett, mechanic, beat 1, was drawn from the box. The man who had been summoned as H. Dudley Prickett appeared to qualify, and stated to the court

that his name was not H. Dudley Prickett, but H. W. Prickett. Under oath he testified that his name was Hiram Warner Prickett and that he was called by the name of Hiram; that he was a mechanic, and resided in beat 1; and that there was no person in said beat by the name of H. Dudley Prickett. The juror was accepted by the state. The defendant objected to the juror Prickett being put upon him upon the ground "that he was not the man whose name had been drawn from the jury box, and whose name had been upon the list served upon the defendant as a venireman, and upon the further ground that the name drawn from the jury box and the name on the venire served on the defendant was H. Dudley Prickett, whereas the name of the venireman presently put on defendant was H. W. Prickett." The court overruled the objection and defendant excepted. Mr. Bishop says: "There is no reason why a man should not be as well known by a single letter for his name as by many letters. Hence, if one is commonly designated by initials for his Christian and middle name, so that their use indicates plainly who is meant, it is the doctrine to which the tribunals have been tending, and most of them have reached, that such initials are adequate in the indictment." But in the same connection the same eminent law writer said: "To render this doctrine available, the man must be known by the initials."—1 Bishop's Criminal Procedure (3d Ed.) § 685; *Sewell's Case,* 82 Ala. 57, 2 South. 622; *Diggs' Case,* 49 Ala. 311; *U. S. v. Winter,* 13 Blatchf. 276, Fed. Cas. No. 16,743; *Vandermark v. People,* 47 Ill. 122. The doctrine above announced has been applied by this court to indictments with respect to the averment of the name of a third person, as, for example, in an indictment for obtaining goods by false pretenses, the name of the person defrauded.—*Franklin's Case,* 52 Ala. 414; *Sewell's Case, supra.* But the doctrine does not apply in this court to indictments with respect to the name of the defendant, unless it be averred that the name of the defendant is otherwise to the grand jury unknown.— *Gerrish's Case,* 53 Ala. 476. The doctrine is applicable to the names of jurors when the juror has been designated by his correct initials, or when he has been designated by initials the first of which has been correctly

stated, though the second initial is a mistake. This goes upon the principle that the middle initial is immaterial. —*Sewell's Case, supra; Kimbrell's Case,* 130 Ala. 40, 30 South. 454. So, if the juror had been designated by his correct initials, H. W., or if by the initials H. D., there would have been no error in putting the juror on the defendant; but designated as he was, as H. Dudley Prickett, and the undisputed proof being that his name was Hiram Warner Prickett, and that he was called Hiram, we cannot say, nor do we think the circuit court should have held, that he was the same man whose name was drawn from the box and placed on the venire as H. Dudley Prickett. The conclusion is that the court erred in putting the juror on the defendant against his objection. The error is not cured by section 5007 of the Code of 1896. Under the terms of this statute it was the duty of the court, on the objection made by the defendant, to have directed that the name of the juror be discarded.

The court committed no error in sustaining the state's objection to the offer by defendant to prove by witness James threats made by deceased. So far as the bill of exceptions shows, there was no pretense that the deceased was about to carry the threats into execution, or that the defendant was not the aggressor.—*Payne's Case,* 60 Ala. 80; *Rutledge's Case,* 88 Ala. 85, 7 South. 335; *Green's Case,* 69 Ala. 6; *Jones' Case,* 116 Ala. 468, 23 South. 135; *Poe's Case,* 87 Ala. 65, 6 South. 378; *Karr's Case,* 100 Ala. 4, 14 South. 851, 46 Am. St. Rep. 17; *Teague's Case,* 120 Ala. 309, 25 South. 209.

Whether the proper predicate was laid for the dying declaration of the deceased is immaterial to be determined, as the defendant did not state to the court what the declaration was, nor what answer was expected from the witness. To have put the court in error the defendant should have made known to the court the evidence desired, and the record here should have shown it.—*Tolbert's Case,* 87 Ala. 27, 6 South. 284; *Ross' Case,* 139 Ala. 144, 36 South. 718; 3 Brick. Dig. 444, §§ 577 to 579.

For the single error pointed out, the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.