[First National Bank of Opp v. Hacoda Mercantile Company.]

for in section 3783 of the Code of 1907. The sureties against whom judgment in this case was rendered in the circuit court were parties to a bond of supersedeas on the appeal, and judgment was properly rendered in accordance with section 4725.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.

# First National Bank of Opp v. Hacoda Mercantile Company.

*Detinue.*

(Decided Nov. 15 ,1910.   53 South. 802.)

1. *Mortgages; Recording; Notice.*—Where William N. McDonald who usually and regularly signs his name W. N. McDonald executed a mortgage by signing it W. H. McDonald, the recording of the mortgage so signed was not constructive notice to a subsequent purchaser in good faith of the property mortgaged, that the mortgage was executed by W. N. McDonald.

2. *Names; Christian Names; Signature by Initial.*—Where the Christian name was signed by initials only the initial of the first and middle name in their regular order should be considered the Christian name for the purpose of the signature.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by the First National Bank of Opp against the Hacoda Mercantile Company. Judgment for defendant and plaintiff appeals. Affirmed.

C. D. CARMICHAEL, for appellant. The plaintiff takes the position that the filing of the mortgage for record was notice to all subsequent purchasers from the mortgagor just as if the mortgage had in fact been signed by

[First National Bank of Opp v. Hacoda Mercantile Company.]

the true name of the mortgagor, and that the  law recognizes only the christian name, and hence, the middle name or initial is immaterial.—16 A. & E. Enc. of Law; 114 Ala. 116; 29 Cyc. 265-269; *Edmundson v. The State*, 17 Ala. 179; *Diggs v. The State*, 49 Ala. 311; *Sewell v. The State*, 82 Ala. 58; *Rampey v. The State*, 83 Ala. 31; *Rooks v. The State*, 83 Ala. 79; 83 Ala. 528; 96 Ala. 397; 146 Ala. 466; 5 Words and Phrases 4660.

W. O. MULKEY, for appellee.   While the mortgage may be good as between the parties, it is not notice to subsequent purchasers for value that it was the mortgage of W. N. McDonald.—*Johnson v. Wilson & Co.,* 137 Ala. 472; *Ridgeway v. Budd & Co.,* 33 Am. Dec. 586; *Jones' Estate,* 27 Penn. St. 337; *Coyne v. Southern,* 61 Pa. St. 457.

EVANS, J.—On the 12th day of August, 1907, one W. N. McDonald executed a mortgage to the First National Bank of Opp, Ala., and conveyed, among other things, one sorrel horse about seven years old.   The name "W. H. McDonald" was signed to the mortgage, and the mortgage was duly recorded in the office of the probate judge of Geneva county on the 13th day of August, 1907.   The said W. N. McDonald lived in Geneva county at the time the mortgage was executed and recorded.   The said horse was in the possession of the said McDonald, and was owned by him at the time the said mortgage was executed and recorded.   In  the fall of 1907, without paying any amount on said mortgage debt, the said mortgagor sold the said horse to defendant, the Hacoda Mercantile Company.   The only notice, if any, that defendant had that said W. N. McDonald had executed the said mortgage was that given by the filing of said instrument for record and the recording of the same.   The said McDonald's name was

William N. McDonald, but his regular way of signing his name was "W. N. McDonald." The only real question raised in the case is whether or not the filing and recording of this mortgage was notice to the subsequent purchaser of the horse that W. N. McDonald had executed said mortgage.

Appellant insists that, by analogy to the requirements of the law as to names in a criminal prosecution, the insertion or omission of or mistake in a middle name or initial is immaterial—citing *Edmonson v. State,* 17 Ala. 179, 52 Am. Dec. 169; *Diggs v. State,* 49 Ala. 311; *Pace & Cox v. State,* 69 Ala. 231, 44 Am. Rep. 513; *Sewell v. State,* 69 Ala. 231, 44 Am. Rep. 513; *Sewell v. State,* 82 Ala. 58, 2 South. 622; *Rampey v. State,* 83 Ala. 31, 3 South. 593. In this latter case the court says: "As the law recognizes but one Christian name, the insertion or omission of a middle name or initial is entirely immaterial." This was where the name G. H. Croft was drawn on the grand jury, and G. N. Croft appeared and answered thereto and was made foreman of the grand jury. The court held that the difference in the middle initial was immaterial, and said that the insertion of a middle name made no difference. Such was the rule at common law, if initials were there recognized. But we are of opinion, and so hold, that our recording act, together with modern business custom or usage, require a modification of the common-law rule as to what constitutes a name, if the common-law rule recognized initials at all. It is the rule in modern business dealings to sign the initials, only, of one's Christian name. Such being the case, it is very necessary for the speedy transaction of business that the initials should be correctly given, where one so signs his name, before one should be held to know who the person signing was, merely from the record of

his conveyance. It is true that some courts have held otherwise, contending that the property described, together with the identity of the surname, was sufficient to put the subsequent purchaser on notice of facts which, if followed up, would lead to knowledge of the real fact. But is it not a better rule to require the person taking a conveyance to see that it is correctly signed than to permit him to take a conveyance incorrectly signed, and charge some subsequent purchaser who has been misled by the name signed to pay for the property twice, or pay for it once and then lose it?

There are but 26 letters in our alphabet, and one of these must constitute the initial of every name in the land. The same letter is the initial of a vast number of different names; hence it can be easily seen that, where a person signs his Christian name by initials only, each initial should be correctly written. The common law rule of but one Christian name and one surname, and that a wrong middle initial or name is immaterial (if the rule applies to initials), will certainly not answer the modern requirements of business with reference to recorded conveyances being notice to the world of the conveyancer and the property conveyed. Suppose there were in the same county a W. N. McDonald and a W. H. McDonald, who were well known to a party about to make a purchase; would the fact that he saw on the record a mortgage signed "W. H. McDonald" be notice to him that the mortgage was in fact made by W. N. McDonald, any more than if any other name than that of W. N. McDonald had been signed to it? We think this is substantially the rule laid down in the case of *Johnson v. Wilson & Co.,* 137 Ala. 472, 34 South. 392, 97 Am. St. Rep. 52, where the court says: "It may be, and doubtless is true that the mortgage executed by J. W. Dixon to the defendant under the assumed name of A.

W. Dixon is a valid mortgage inter partes; but it does not follow from this that the plaintiffs who subsequently purchased it from Dixon under his true name, are chargeable with constructive notice of the mortgage, which was recorded correctly. In other words, the record of a mortgage executed in the name of A. W. Dixon is not notice that J. W. Dixon executed it. The names are as entirely different as are the names of J. W. Dixon and J. W. Smith." When we come to the real truth of the matter, and cease to attempt to follow antiquated dogma, there is just as much difference between the names "J. W. Dixon" and "J. A. Dixon" as there is between the names of "J. W. Dixon" and "A. W. Dixon," and this fact is recognized in the case of *Martin v. State,* 144 Ala. 8, 40 South. 275.

We doubt if the common-law doctrine of one Chistian name and one surname ever really applied (though it has been held to have done so) where the Christian name was signed by initials only. The better rule undoubtedly is that, where the Christian name is signed by the initials only, the initials taken all together in their regular order should be considered as the Christian name for the purposes of signature. We are of opinion that the cases of *Johnson v. Wilson & Co.,* and *Martin v. State, supra,* substantially hold to this view. We therefore hold that the recording of the mortgage signed "W. H. McDonald" was not constructive notice of the fact that the mortgage was executed by W. N. McDonald.

The other point raised by appellant is without merit. An inspection of the mortgage, which is sent up by the trial court with the record, in accordance with the rule provided in such cases, shows clearly that the mortgage was signed by W. H. McDonald, and there was nothing for the jury to decide on that point, and the bill of ex-

[Boozer v. Jones.]

ceptions shows that it was properly recorded. The court is presumed to know the letters of the alphabet when they are plainly written. There might arise cases of doubt, but this is not one of them. The court correctly charged that the mortgage and the record of the mortgage was signed "W. H. McDonald."

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.