# Sexton *v.* The State.

## *Murder.*

(Decided June 17, 1915.   Rehearing denied July 19, 1915.
69 South. 341.)

1. *Homicide; Evidence.*—Where defendant shot without provocation evidence of the previous conduct of deceased was not admissible.

2. *Same.*—Until there has been proof tending to show self-defense threats by deceased against defendant are not admissible.

3. *Same.*—Where the question did not show to what time it referred, the exclusion of questions as to the conduct of deceased was not error.

4. *Appeal and Error; Harmless Error; Evidence.*—Where the witness had been allowed to answer a similar question without objection, the exclusion of such questions later was harmless.

5. *Evidence; Character.*—Where a defendant puts in issue his general character for peace and quiet, he cannot be allowed to go into particulars, but may only show his general reputation on direct examination; the rule being otherwise on cross-examination.

6. *Witnesses; Impeachment; Bias.*—Where a witness has denied any bias, and it is sought to show bias by proving previous declarations to the contrary, the witness must be questioned as to the time, the place and the person, to whom such declarations were made, in order to give the witness a chance to explain; the rule being otherwise, however, where the evidence as to bias is as to some independent fact.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. H. ALSTON.

Dozier Sexton was convicted of manslaughter in the first degree, and he appeals. Affirmed.

FRANK B. BRICKEN, and D. M. POWELL, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—The defendant killed A. D. Pettey by shooting him with a pistol, and was indicted for murder in the second degree, and convicted of manslaughter in the first degree.

(1) The killing occurred at the house of Cleve Purdue, a negro, where a negro "frolic" was in progress, which was attended by several white men, among others the defendant and the deceased, both of whom were drinking.

Bud Grayson, the first witness examined in behalf of the state, testified: That the deceased was killed March 7, 1914, by the defendant, and "the way the killing happened was there was two negroes got to tusseling over a pistol and shot it, and General Burgins and Dozier (the defendant) went there to, and they went together for a fight, and A. D. Pettey run in to part them, and did part them. Manford carried General outdoors, and Dozier held onto him awhile, and at last they made friends, and A. D. Pettey walked off in the corner of the house for something or another, and Dozier (the defendant) set up on the side of the bed and sat there a minute, and got up and walked over to A. D. Pettey and said, 'I wouldn't have thought you would have acted the damned son of a bitch with me you have,' and shot him. The bullet struck near the left eye. A. D. Pettey was not doing anything at the time he was shot."

At this stage of the evidence the previous conduct of the deceased was wholly immaterial. If this evidence was true, Pettey had not been in a difficulty with the defendant, but had merely interfered as a peacemaker, and as a result of his own efforts the defendant and Burgins had made friends, and the homicide was wholly unprovoked and without the shadow of justification. The fact that Pettey, if such was a fact, had been there for some little time and had been dancing with the negroes, afforded the defendant no justification for his act, and had no tendency to shed light on the killing or the cause thereof. The foundation of the rule permitting the proof of all incidents constituting a part of the res gestæ is that the facts which are considered a part of the res gestæ tend to prove or shed light on the essential facts of the case as illustrative of the conduct of the parties and the intent and motive prompting action.—*Lunsford v. State,* 2 Ala. App. 38, 56 South. 89; Underhill, Cr. Ev. §§ 93-96; *Bessierre v. A. C. G. & A. R. R. Co.,* 179 Ala. 331, 60 South. 82; *Barnett v. State,* 165 Ala. 59, 51 South. 299.

(2) Evidence of threats made by the deceased is not admissible until some proof has been offered tending to show self-defense.—*Dunn v. State,* 143 Ala. 67, 39 South. 147; *Bluett v. State,* 151 Ala. 41, 44 South. 84; *Martin v. State,* 144 Ala. 8, 40 South. 275; *Fleming v. State,* 150 Ala. 19, 43 South. 219; Underhill Cr. Ev. § 326.

(3) At the time the court sustained an objection to the question, "Did he, A. D., say just before the pistol fired, he had come there to raise hell, and said, 'Boys, go your route?'" there was no evidence of self-defense in the case, and it is apparent that the question referred to the firing of the pistol by the two negroes who were

scuffling over it some time previous to the killing. The objection to this question was properly sustained. The connection in which the question, "Didn't you see him, A. D. Pettey, hit Cleve Perdue over the head with a pistol right at that time?" was asked makes it uncertain whether the time referred to was the time of the shooting or the time the deceased was dancing with his person exposed, and this was sufficient to justify the court in sustaining the objection.

(4)   The defendant was not predjudiced by the ruling of the court in sustaining the solicitor's objection to the question, "Did you see anything in their hands?" The evidence of this witness showed that both defendant and the deceased had pistols, and the witnesses testified that the pistol of the deceased fell on the floor when defendant shot deceased.

(5)   It is not permissible for the defendant who has put his general character for peace and quiet in issue to go into the particulars.   Particular acts, whether good or bad, or the reputation of having done them, cannot be shown in proof or rebuttal of good character, on the direct examination, although the rule is otherwise on cross-examination.

"Evidence of character goes to general repute, not particular acts, or specified conduct, the parties litigant being presumed to be prepared to meet the one, and not the other, which might do injustice by taking by surprise."—*Hussey v. State*, 87 Ala. 132, 133, 6 South. 424; Greenl. Ev. (14 Ed.) § 461; *Steele v. State*, 83 Ala. 20, 3 South. 547; *Jones v. State*, 76 Ala. 8; Wharton, Cr. Ev. §§ 259, 260.

The court did not err in the rulings as to the evidence of defendant's character for peace and quiet.—*Carson . v. State*, 128 Ala. 58.

(6)   For the purpose of showing bias, evidence that the witness is unfriendly to the party against whom he is called is always admissible, and if the witness on cross-examination denies his hostile feeling toward the party, evidence of previous declarations tending to show bias may be received, when a proper predicate therefor is laid.—*Weaver v. Traylor,* 5 Ala. 564; *Haralson v. State,* 82 Ala. 47, 2 South. 765; *Jones v. State,* 141 Ala. 55, 37 South. 390. One essential of such predicate to the introduction of previous declarations tending to show bias is that the time, place, and person to whom such declaration was made must be embodied.—*Haralson v. State, supra; Weaver v. Traylor,* 5 Ala. 564; 2 Wigmore, Ev. § 953. And the witness to be impeached should be interrogated on cross-examination as to the state of his feelings toward the party at the time of giving his testimony.—*Allen v. Fincher,* 187 Ala. 599, 65 South. 946; *Fincher v. State,* 58 Ala. 215; *McHugh v. State,* 31 Ala. 317. The reason for this is that the impeaching evidence relates to the feelings that would tend to bias the testimony of the witness at the time it is given, and not at some time in the past, and this course affords the witness an opportunity to explain his previous declarations. Such requirement imposes no additional burden upon the party seeking to impeach the witness, and exacts fairness to the witness and the party who is relying upon the testimony of the witness. When the evidence offered is of some independent fact not involving a previous contradictory statement of the witness, such as that the witness had had a previous difficulty with the party against whom he was called, as in *Jones v. State,* 76 Ala. 8, or that the witnesses had been active in a previous prosecution against such party, as in *Allen v. Fincher, supra,* or when the

evidence is not to impeach the declaration of the witness made on the stand, but is offered for the purpose of corroboration and to show the degree of his bias, as in the cases of *Haralson v. State, supra,* and *Yarbrough v. State,* 71 Ala. 376, it is not necessary to lay such predicate.

The predicate laid for the impeachment of the witness Burgins, by Frazier was not sufficient, in that it did not embody the place such previous declaration was made, nor was the witness interrogated as to the state of his feelings toward the defendant at the time of the trial, and the court will not be held in error for refusing to allow the witness to answer the question.

The only charge refused to the defendant was the affirmative charge, and in this there was no error. The defendant appears to have been ably represented, he was given great latitude in developing his defense, and some of the charges given at his instance, to say the least, were most liberal to him.

We find no error in the record at which appellant can complain.

Affirmed.