# Ozark City Bank *v.* Planters & Merchants Bank.

### Detinue.

(Decided November 24, 1916.   73 South. 72.)

1. **Mortgages; Record; Mistake in Name.**—A mistake in the middle initial of a mortgagor in a properly recorded chattel mortgage, does not, under the statute, impute constructive notice to a subsequent purchaser or mortgagee.

2. **Name; Record; Jury Question.**—On the evidence in this case it was a question for the jury whether the true initials of the mortgagor was J. A. or J. F. Johnson.

APPEAL from Dale Circuit Court.

Heard before Hon. JOHN R. TYSON, Special Judge.

Detinue by the Ozark City Bank against the Planters & Merchants Bank. Judgment for defendant and plaintiff appeals. Reversed and remanded.

Transferred from Court of Appeals.

J. J. SPEIGHT, for appellant. J. E. Z. RILEY, for appellee.

McCLELLAN, J.—This is an action of detinue, instituted by the appellant against the appellee, to recover certain chattels described in the complaint. The plaintiff asserted its right to recover under a mortgage executed by J. A. Johnson to it on November 3, 1913, and duly filed for record on the same day. The successful defendant relied upon a mortgage executed to it on January 5, 1914, and duly filed for record on the same day, by "J. F. Johnson." There were two issues on the trial, both of which were concluded by the court's giving the general affirmative charge for the defendant, viz.: (a) Whether the registration of a prior mortgage on personal property purporting to have been executed by "J. A. Johnson" operated to impute constructive notice to a subsequent mortgagee of one who signed the same as "J. F. Johnson," the difference being in the middle initial only; (b) whether the true, full name of the mortgagor was "Judge Franklin Johnson."

(1) The first inquiry is answered by the opinion in *First National Bank v. Hacoda Mer. Co.,* 169 Ala. 476, 53 South. 802, 32 L. R. A. (N. S.) 243, Ann. Cas. 1912B, 599, where it was held that a mistake in the middle initial in a truly recorded mortgage will under our statutes avert any imputation of constructive notice to a subsequent purchaser or mortgagee.

(2) The court erred, invaded the jury's province, in concluding as a matter of law that "J. F." and not "J. A.," were the true initials of the true name of the mortgagor. If "J. A." were the true initials of his true name, the constructive notice of the plaintiff's rights under its mortgage was to be imputed to the defendant; and the plaintiff was due to recover. If, on the other hand, the true initials of the true name of the mortgagor was "J. F.," and not "J. A.," then the defendant's rights were not affected by the registration of a previous mortgage executed by "J. A. Johnson." There was evidence to the effect that this mortgagor said

[Terminal Oil Mill Co. v. Planters W. & G. Co.]

his true initials were "J. A."; that his solemn acts and conduct were to the effect that "J. A." were his true initials. Such declarations and circumstances were evidence that his true name comported with Christian names beginning with the letters "J" and "A." This evidence served to institute a conflict in the evidence on the issue of the true initials of his true name.—6 Ency. of Ev. pp. 921-923; *Garrett v. State*, 76 Ala. 18, 22. The fact that there was positive evidence to the contrary did not justify the court in concluding as a matter of law that this mortgagor's true name was that represented by the initials "J. F.," and not that represented by the initials "J. A."

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.