(92 South. 639)

FIRST NAT. BANK OF DOZIER v. FARMERS' BANK OF LUVERNE.

(4 Div. 982.)

(Supreme Court of Alabama. April 27, 1922.)

1. Money received ⬧1—Action for money had and received is appropriate where one has money belonging to another.

An action for money had and received is maintainable whenever one person has money in his possession which rightfully belongs to another.

2. Appeal and error ⬧1011(1)—Finding based on conflicting evidence will not be disturbed.

A finding of the trial court based on conflicting evidence will not be disturbed on appeal.

3. Chattel mortgages ⬧148—Junior mortgagee held to have notice of prior mortgage.

Defendant could not successfully claim that it was an innocent purchaser or mortgagee in a mortgage signed by the named J. S. L. as against a prior recorded mortgage by the same party on the same property signed by the name "Joe C. L." where, prior to the execution of the mortgage to defendant, defendant received from the mortgagor, in payment of a prior mortgage debt of the same mortgagor, a check signed by him as "Joe C. L."

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Action by the Farmers' Bank of Luverne against the First National Bank of Dozier for money had and received. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Frank B. Bricken, of Luverne, for appellant.

There could be no recovery under the trover count. 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52. On this same authority the mortgage of plaintiff was not constructive notice to the defendant, and hence the defendant was purchaser for value without notice, 202 Ala. 511, 80 South. 798.

W. H. Stoddard, of Luverne, and Powell & Hamilton, of Greenville, for appellee.

Counsel discuss the issues, with the insistence that the judgment should be affirmed, but they cite no authorities.

GARDNER, J. On January 16, 1920, one Lindsey executed to the Farmers' Bank of Luverne a note for $247.50, secured by a mortgage on the crops raised by Lindsey during the year 1920 in Crenshaw county, as well as all of his personal property, including live stock described therein. The instrument was what is termed a "combination" note and mortgage, and was signed in the name of Joe C. Lindsey. This instrument was duly filed and recorded in the office of judge of probate of Crenshaw county on the day of its execution.

Lindsey raised a crop of cotton, corn, beans, and other products on the place of one Sasser during that year, and it is without dispute that the First National Bank of Dozier, appellant here, received $85 of the proceeds from the sale of some of the crops raised. The Farmers' Bank of Luverne instituted this suit against said First National Bank for the recovery thereof, count 2 of the complaint being a common count for money had and received.

[1] A suit for money had and received is in the nature of an equitable action, and is maintainable whenever one person has money which, ex æquo et bono, belongs to another, and is appropriate whenever the defendant has money in his possession which belongs of right to the plaintiff. Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 South. 363.

The cause was tried before the court without a jury upon oral testimony, with the exception of the introduction of one affidavit. From a judgment for the plaintiff, the defendant prosecutes this appeal.

It further appears that on January 20, 1920, said Lindsey executed a note and mortgage to the First National Bank of Dozier for $271.20, substantially the same personal property being embraced in this mortgage as was covered by the mortgage to the Farmers' Bank of Luverne. The mortgage to the First National Bank was signed "J. S. Lindsey," but there is no dispute as to the proposition that Joe C. Lindsey and J. S. Lindsey were one and the same party. The defendant seeks justification under this mortgage, and largely rests its defense upon the theory that it was an innocent purchaser without actual or constructive notice of the mortgage previously executed to the plaintiff, Farmers' Bank of Luverne.

It is insisted by defendant that, notwithstanding the fact the mortgage by said Lindsey to the plaintiff bank was prior in date to that of the defendant, and was also on record, yet it was not constructive notice for the reason that the name of said Lindsey was not Joe C. Lindsey, but J. S. Lindsey, and that therefore the notice of a record of a mortgage by Joe C. was not constructive notice of a mortgage by J. S. Lindsey. This argument, however, in the first place assumes as an established and uncontroverted fact that the true name of said Lindsey was J. S. Lindsey, and that Joe C. Lindsey was an assumed name (citing Johnson v. Wilson, 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52), which, as we understand the evidence, is an erroneous assumption.

[2] There was evidence introduced by the plaintiff tending to show that the name of the mortgagor was Joe C. Lindsey; that he was known and recognized by that name: and we are persuaded from the evidence that the finding of the trial court that such was his name should not be here disturbed, notwithstanding the affidavit of W. L. Lindsey, offered in evidence by the defendant. The evidence upon the question was such as to constitute a conflict on this issue (Ozark City Bank v. Planters' & Merchants' Bank, 197 Ala. 427, 73 South. 72), and we will not disturb the finding of the trial court thereon.

[3] Moreover, it appears from the evidence that said Lindsey had previously executed a mortgage to the defendant bank on November 24, 1919, to secure the sum of $204 due and payable January 20, 1920. This mortgage of November 24, 1919, was paid before the execution of the mortgage of January 20, 1920; it in fact being paid upon that date. The loan made by the plaintiff bank on January 16, 1920, was in the sum of $247.50, and this sum was placed to the credit of Joe C. Lindsey in the plaintiff bank, said Lindsey checking out a part of this fund, and the balance of $204 he checked out to the First National Bank of Dozier. This check was offered in evidence, and was payable to the First National Bank of Dozier, and signed "Joe C. Lindsey." It very satisfactorily appears, therefore, that the proceeds of this check paid the mortgage of November 24, 1919, due defendant bank, which was paid just prior to the execution of the mortgage of January 20, 1920, to defendant; and paid with a check signed by Lindsey "Joe C. Lindsey." It would therefore very reasonably appear by this transaction that the defendant bank was put on notice that in fact the true name of Lindsey was Joe C. Lindsey.

We are of the opinion there is no error in the judgment rendered, and it will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur