44 So.2d 799

### UNION BANK v. MONROE COUNTY BANK.

I Div. 601.

Court of Appeals of Alabama.
Feb. 28, 1950.

——◆——

J. M. Coxwell, of Monroeville, for appellant.

Barnett, Bugg & Lee, of Monroeville, for appellee.

CARR, Judge.

This is a suit in detinue by The Monroe County Bank against The Union Bank. The property involved is a 1942 Dodge pickup truck. In the court below there was a verdict and judgment in favor of the plaintiff. This appeal followed.

There is scarcely any dispute in the evidence.

The plaintiff below relied on an unpaid mortgage on the truck. The instrument bears date of March 29, 1947, and was signed: "Clyde T. Stacey." It was duly recorded on April 8, 1947.

The defendant below rested its claim for the property upon a subsequently executed mortgage on the same truck. This instrument is signed: "T. C. Stacey."

It is not disputed in the evidence that both mortgages were in fact executed by the same person and they each covered the property in question.

The proof shows, also, without conflict that the mortgagor's full name is Thomas Clyde Stacey, but he was generally known and called by the name, Clyde Stacey.

There is some evidence that he signed his papers sometimes "T. C. Stacey", sometimes "Clyde Stacey", and at other times "Clyde T. Stacey."

The mortgagor had had dealings with the appellant bank prior to the time in question. In these transactions he signed his name "T. C. Stacey." However, the president of the bank knew that his Christian name was Clyde and called him by this name.

It is made to appear by the evidence that no other person was known by the name "Clyde Stacey" in the community where the mortgagor lived and where the mortgage transactions took place.

The appellant did not examine the recording records before extending the credit on the mortgage.

In this state of the evidence the court denied the general affirmative charge to

the appellant. This action of the court is the sole question pressed for our review.

 Sec. 102, Title 47, Code 1940 was enacted to serve a practical, reasonable, and convenient purpose. It should be applied in the spirit of its intended enactment. A slight variation in the signatures of a mortgagor should not make the rule inapplicable unless parties who subsequently deal with the property are actually misled thereby.

Our Supreme Court has held "that a mistake in the middle initial in a truly recorded mortgage will under our statutes avert any imputation of constructive notice to a subsequent purchaser or mortgagee." Ozark City Bank v. Planters' & Merchants Bank, 197 Ala. 427, 73 So. 72, 73. See also, First Nat. Bank of Opp v. Hacoda Mercantile Co., 169 Ala. 476, 53 So. 802, 32 L.R.A.,N.S., 243, Ann.Cas. 1912B, 599; Johnson v. Wilson, 137 Ala. 468, 34 So. 392, 97 Am.St.Rep. 52.

These cases cannot control the decision in the case at bar, because of the evident factual differences.

The Supreme Court in the case of First Nat. Bank of Dozier v. Farmers' Bank of Luverne, 207 Ala. 402, 92 So. 639, 640, reviewed the question of instant concern. The prior mortgage was executed to the Luverne Bank and signed "Joe C. Lindsey." Subsequently the same person mortgaged the property to the Dozier Bank and signed the instrument "J. S. Lindsey." After delineating the tendencies of the evidence, Chief Justice Gardner concluded: "It would therefore very reasonably appear by this transaction that the defendant bank was put on notice that in fact the true name of Lindsey was Joe C. Lindsey." This deduction was drawn primarily from the fact that the mortgagor had prior business transactions with the defendant bank in the name of Joe C. Lindsey.

See also, Ingram et al. v. Watson, 211 Ala. 410, 100 So. 557.

 In the case at bar the president of the appellant bank knew the mortgagor by the name of Clyde Stacey and called him "Clyde." This acquaintanceship existed at the time and prior to the time the mortgage was executed to the appellant.

Under the evidence the jury was authorized to conclude that if the appellant bank had examined the records the identity of the mortgagor would have been observed and there would have been imputed to the appellant constructive notice of the existence of a prior mortgage on the property in question.

It follows that the general affirmative charge was refused without error.

The judgment of the court below is due to be affirmed. It is so ordered.

Affirmed.