564 So.2d 570 (1990)
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellant,
v.
WESTBROOK ATKINSON REALTORS, et al., Appellees.
No. 88-3292.
District Court of Appeal of Florida, Fourth District.
July 18, 1990.
Lisa C. Reynolds and Gill S. Freeman of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Miami, for appellant.
Michael J. Dunleavy, Pompano Beach, and Dennis J. McGlothin, Fort Lauderdale, for appellees.

ON MOTION FOR REHEARING
LETTS, Judge.
The motion for rehearing is granted. The opinion of April 18, 1990 is withdrawn and the following opinion is substituted.
One of the terms of a letter of credit, in order for payment to be made, required the delivery of another letter "purportedly[1] from the beneficiary, Edna May Walker." Instead, provided to the bank on the expiration date of the letter of credit, were affidavits from William Russell Walker and Charles Norwood Walker, attorneys-in-fact for Edna May Walker, accompanied by powers of attorney to them from Edna Wilson Walker. There was no accompanying written or oral substantiation to explain that Edna May Walker and Edna Wilson Walker were one and the same. One of the reasons for the bank's refusal to honor the letter of credit was the variance in name set forth above. The trial judge, in a seven page order, found that the bank "wrongfully" refused to honor the letter of credit and while we agree with much of the reasoning of the trial court as to other alleged infirmities in the presentment, we do not agree that the dishonor was wrongful because of the middle name discrepancy.[2] We reverse.
The successful plaintiff below claims that the bank agreed to certain oral modifications of the letter of credit reflected in the record and in the final judgment; however, *571 we can find no waiver, oral or otherwise, concerning the name, Edna May Walker, set forth in the letter of credit. Based on the facts of this particular case, we find no reversible issue on appeal as to either oral modification (resulting in estoppel) or ambiguity. To our way of thinking, the dispositive issue is whether a presentation from one Edna Wilson Walker satisfies a requirement that the presentment come from Edna May Walker. We hold it does not.
In this country, there must exist countless numbers of citizens by the name of Edna and countless more by the name of Walker. No doubt, the same is true if we combine "Edna" with "Walker." The middle name, therefore, is crucial and we disagree that the bank acted wrongfully in refusing to accept a communication relative to Edna Wilson Walker, when the letter of credit named the beneficiary as Edna May Walker. Strict compliance as to names is a must if there is any possibility that the one later identified may not be the same person as the one originally described. See First National Bank of Opp v. Hacoda Mercantile Co., 169 Ala. 476, 53 So. 802 (1910); section 689.19, Florida Statutes (1987); Florida Fund Title Notes, Conveyances, TN 10.04.07 (1988). In Fidelity National Bank of South Miami v. Dade County, 371 So.2d 545 (Fla. 3d DCA 1979), Judge Schwartz remarked: "Compliance with the terms of a letter of credit is not like pitching horseshoes. No points are awarded for being close." We agree.
REVERSED AND REMANDED.
HERSEY, C.J., and GUNTHER, J., concur.
NOTES
[1] We are provided no explanation for the use of the word "purportedly."
[2] Actually, the final judgment makes no mention of the name variation other than to say that the "ambiguities concerning Edna May Walker et al, could be rectified by submitting a number of letters from all the beneficiaries."