# Grimmer *v.* Nolen.

## *Trover.*

(Decided Jan. 30, 1906.   40 So. Rep. 97.)

1. *Appeal; Striking Pleas; Parties Entitled to Complain.*—Where the record shows that defendant moved to strike one of his own pleas, which motion was granted, plaintiff cannot complain.

2. *Appeal; Error of Record.*—This court will not correct errors of record on an appeal for the purpose of reversing, although the record probably was erroneous.

3. *Names; Idem Sonans.*—The name McCinney and McKinney are not idem sonans, the C. before an I. being soft, or like S., and a K. before an I. being hard.

4. *Chattel Mortgage; Priority; Notice; Designation of Parties.*—In an action for conversation of property claimed under a mortgage executed by B. & J. McKinney, a prior recorded mortgage on the same property to another signed by B. & J. McCinney is not admissible in evidence.

5. *Same; Failure to Record; Purchaser without Notice.*—The record of a mortgage made by B. & J. McCinney is not notice to a purchaser from B. & J. McKinney that B. & J. McKinney have executed a mortgage on the property purchased.

[Grimmer v. Nolen.]

Appeal from Tallapoosa Circuit Court.

Heard before Hon. A. H. Alston.

S. J. Nolen sued J. B. Grimmer and Bird McKinney for the conversion by them of certain cotton seed on which it is alleged he held a mortgage. The proof showed that Bird and another McKinney executed and delivered to Nolen a mortgage on certain crops to be grown that year. The mortgage was executed in the presence of two witnesses and signed by mark by the mortgagors. Their names were spelled "McCinney." Grimmer, the appellant, took a mortgage from Bird McKinney of later date, and this mortgage was signed McKinney. Nolen's mortgage was recorded as was Grimmer's. The other facts sufficiently appear in the opinion of the court.

The defendant requested three separate charges in writing, which the court refused to give. These charges are as follows:

"(1) Before the plaintiff can recover in this case he must prove that Grimmer received notice, or was placed in possession of such facts as, if followed up, would lead to notice, of the existence of the Nolen mortgage before the giving of the mortgage by McKinney to Grimmer.

"(2) I charge you, gentlemen of the jury, that unless Grimmer had actual knowledge of Nolen's mortgage, or had such information that would put a reasonably prudent business man on inquiry, and if by making inquiry and the exercise of reasonable diligence as to the existence of Nolen's mortgage, prior to the taking of the mortgage by Grimmer from McKinney, then the plaintiff cannot recover, and your verdict will be for the defendant.

"(3) I charge you that if J. B. Grimmer had no notice, nor any information which, if followed up, would lead a reasonably prudent man to notice, before the taking of the mortgage by Grimmer from Byrd McKinney, then the plaintiff cannot recover in this suit, and your verdict must be for the defendant."

There was judgment for plaintiff and defendant appeals.

[Grimmer v. Nolen.]

GEORGE A. SORRELL, for appellant.—If plea number 2 interposed by defendant was not a good defense to the action, motion to strike was not the proper remedy. Demurrer was.—*Duncan v. Hargrove,* 22 Ala. 150; *Powell v. Crawford,* 110 Ala. 294. The plea was a good defense.—*Lomax v. Spear;* Collier on Bankruptcy (4th Ed.) 194. The mortgage signed McCinney was not notice that it was given by McKinney. Before said mortgage could become operative, Grimmer must have had notice either actual or constructive that they were the same parties.—*Wood v. Lake,* 62 Ala. 489; *Steiner v. Clisby,* 95 Ala. 91; § 1009 of the code 1896.

D. H. RIDDLE, for appellee.—A discharge in bankruptcy is not a defense to an action in trover. Before a debt can be discharged, it must be a provable debt.— Bradenburg on Bankruptcy (2nd Ed.) p. 579; Collier, p. 192-3. The names McCinney and McKinney are idem sonan.—*Taylor v. Rogers,* Minor 197; *Page v. State,* 61 Ala. 16. The mortgage was good as between Nolan and McKinney.—99 Am. Dec. 350.

HARALSON, J.—S. J. Nolen, the plaintiff below, sued Bird McKinney and J. B. Grimmer in the justices' court, for $75 damages, for the conversion, during the month of October, 1902, of 921 pounds of cotton, the property of the plaintiff. The justice rendered judgment against the defendant in favor of the plaintiff, and the former appealed to the circuit court, where the case was retried.

Besides the general issue, the defendant Grimmer pleaded a special plea numbered 2, in substance, that after having been duly adjudged a bankrupt in the United States district court, he obtained from said court a discharge in bankruptcy.

The bill of exceptions recites that the defendant moved the court to strike this plea, on the ground that the discharge in bankruptcy, was no defense to the action, which was in tort for the conversion of personal property. The court, against the plaintiff's objection, granted

the motion. The plaintiff is in no position to complain. That defendant moved to strike his own plea is probably a mistake, but we prefer to follow the record, and not put the court in error, if its ruling was erroneous, which we do not decide, on account of the mistake. On this point see the following authorities: Brandenburg on Bankruptcy, 542, § 63; Id., p. 362, 363; 5 Cyc. 326; Call on Bankruptcy, 452, subdiv. 6.

The plaintiff claimed under a note and mortgage, purported to have been executed on the 6th of February, 1902, payable to S. J. Nolen, the plaintiff, on the 1st of October, 1902, for $85. The mortgage recited the note. It read, "For value received, negotiable and payable at Alexander City, with cost of collection, including a reasonable attorney's fee and record fees, and to secure the same and all further and additional supplies, I sell and convey to payee my entire crop of corn, cotton and everything else I raise or have raised during the year 1902, also the following property which we guarantee to be in us and clear from any incumbrance, (describing a mule). If not paid at maturity, payee is authorized to take said property in possession and sell the same for cash at public outcry," etc. (Signed) "Bird X McCinney
                                         his
                                         mark

(L. S.), Joe X McCinney (L. S.), W. A. Cleveland and
            his
            mark

W. O. Eason." On the back of the mortgage was a certificate of the judge of probate, that it was filed for record, February 7, 1902, and recorded the same day.

The plaintiff offered the mortgage in evidence to which defendant objected, on the ground that the instrument is not self-proving. W. A. Cleveland, a subscribing witness, was examined and testified, that he knew Bird and Joe McKinney; when plaintiff's attorney showed the mortgage offered in evidence to the witness and asked him, "Did they sign that paper?" The defendant objected to said question, because the paper shown the witness was not signed by Byrd and Joe McKinney, but pur-

ported and was in fact signed Bird and Joe McCinney. The court overruled the objection and the defendant excepted. The witness answered, that the negroes, the mortgagors, made their marks in his presence and that of the other subscribing witnesses.

The defendant contests the right of the plaintiff to recover, on the ground, that on the 18th of February, 1902, Byrd McKinney, without notice actual or constructive to defendant of a mortgage before that date given by said Byrd McKinney to the plaintiff on the same property, gave a mortgage to defendant on the property claimed by the plaintiff in his alleged prior mortgage. Plaintiff's said alleged prior mortgage was executed as before stated in the name of Bird McCinney and Joe McCinney, and not in the name of Byrd and Joe McKinney, and on this ground, the defendant objected to the introduction of said mortgage, which objection was overruled.

In *Johnson v. Wilson,* 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52, we said, that the record of a mortgage executed in the name of A. W. Dixon, constitutes no notice that J. W. Dixon, which was the real name of the mortgagor, executed the same. It was said: "It may be and doubtless is true, that the mortgage executed by J. W. Dixon is a valid conveyance inter partes but it does not follow from this, that the plaintiff who subsequently purchased it from Dixon under his true name was chargeable with constructive notice of the mortgage which was recorded correctly. In other words, the record of a mortgage executed in the name of A. W. Dixon is not notice that J. W. Dixon executed it. The names are entirely different as are the names of J. W. Dixon and J. W. Smith."

On the question of idem sonans, if important to be considered, it is laid down in the article on pronunciation, in Webster's International Dictionary, that the consonant "c" when preceding the vowel "i" is always as "s." From an inspection of the words in the Century, and in Webster's International Dictionary, we find that this is one of the few rules in regard to the English language, which seems to be universally followed. This be-

ing the case the word "McCinney" would be pronounced "McSinney" and not "McKinney."

"Conveyances of personal property, given to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded," etc.—Code 1896, § 1009; *Steiner v. Clisby*, 95 Ala. 91, 10 South. 240, 11 South. 294. The plaintiff's mortgage was not properly admitted in evidence.—*Heil and Lauer's Appeal*, 40 Pa. 453, 80 Am. Dec. 590.

The court charged the jury at the plaintiff's request, that if Grimmer had notice of Nolen's mortgage at any time before the first day of October, 1902, they must find for the plaintiff. This charge was clearly wrong. Before Nolen's mortgage could be operatice against Grimmer, it was necessary to show that he had actual or constructive notice of the same before Grimmer's rights accrued. For the same reason, the three charges requested by the defendant should have been given.

Reversed and remanded.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.