# Hickey *v.* McDonald Bros.

## *Detinue.*

(Decided Feb. 4, 1909. Rehearing denied April 5, 1909.
48 South. 1031.)

1. *Mortgages; Record; Purchaser Without Notice.*—The purchaser without notice referred to in section 3386, Code 1907, means a bona fide purchaser without notice; and one is not a bona fide purchaser under such section if he knows facts which would cause a prudent man to investigate and which, if followed, would lead to knowledge of a defect in the seller's title.

2. *Same; Purchaser of Mortgaged Property; Bona Fide; Evidence.*—The evidenec in this case stated and examined and held to warrant a finding that at the time defendant bought the property involved, he was in possession of knowledge of facts sufficient to put him upon inquiry as to the sellers title which, if followed up, would have led to a discovery of its insufficiency.

4. *Same; Jury Question.*—Under the evidence in this case, it was a question to be determined by the jury whether the purchaser of the mortgaged property was a bona fide purchaser without notice.

5. *Same; Instruction.*—Charges asserting that if the defendant had had no notice of the mortgage, or any information which would lead a reasonably prudent man to notice that his seller had obtained the property by fraud, and that plaintiff held a mortgage before ue

bought. the verdict must be for defendant, authorizes a finding for defendant unless he had notice of the mortgage and of the fraud in his seller's titles, or of fact which would have led to knowledge of both, whereas, notice of either fact, would preclude his defense of bona fide purchaser for value without notice.

6. *Charge of Court; Instructions Assuming Facts.*—Charges assuming that one is a bona fide purchaser and authorizing a recovery by defendant unless he had notice of the mortgage, etc., are properly refused.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Detinue by McDonald Bros., against T. J. Hickey, From a judgment for plaintiffs' defendant appeals. Affirmed.

The facts in this case are sufficiently stated in a former report of this case in 151 Ala. 497, 44 South. 201, 13 L. R. A. (N. S.) 413, reference to which is here made. The following charges were requested by the defendant and refused: (1) The general affirmative charge. (3) "The court charges the jury that if they believe from the evidence in this case that Hickey did not have any notice of the mortgage to McDonald Bros., and they further believe from the eivdence that Hickey did not have any information which, if followed up, would lead to notice of said mortgage to McDonald Bros., then you must find for the defendant, and assess the alternate value of the property, and also assess the damages for the detention of the same." (4) "The court charges the jury that if they believe from the evidence that Hickey, the defendant in this case, had no notice of the mortgage to McDonald Bros., nor any information which, if followed up, would lead a reasonably prudent man to notice that Tilly had obtained the mule by fraud, and that McDonald Bros., held a mortgage on said mule, before the purchase of the mule from Tilly, then you must find for the defendant." (5) "The court charges the jury that, before the plaintiffs can recover in this case, they must prove that

the defendant received such notice, or was placed in possession of such facts, as, if followed up, would lead to notice of the existence of the McDonald mortgage, before the defendant purchased the mule from Tilly." (7) "The court charges the jury that if they believe from the evidence in this case that T. J. Hickey, the defendant in this case, had no notice of the mortgage to McDonald Bros., nor any information which, if followed up, would lead a reasonably prudent man to notice that Tilly had obtained the mule by fraud, and that McDonald Bros., held a mortgage on said mule, before the purchase of said mule from Tilly, then you must find for the defendant, and assess the alternate value of the property at $225, and the value of the hire or detention at $90."

INGE & McCORVEY, for appellant. Fraud practiced by a vendee in obtaining a sale to him of property renders the sale voidable, not void.—*Wilk v. T. Simmons & Co.*, 117 Ala. 285; *Peterson & Co. v. Steiner Bros.*, 108 Ala. 621; *Shyer & Bro. v. Goetter-Weil & Co.*, 102 Ala. 313; *Robertson, et al. v. Levi*, 81 Ala. 134; Benjamin on Sales, sec. 648-9. We desire to call the court's attention to the cose of *Edmunds v. Transportation Company*, 135 Mass. 283, for a discussion of the distinction as to when title passes and when title does not pass in those cases where there has been a misrepresentation as to the identity of the vendee. The mortgage having been executed in the name of Pressner, if it had been recorded would not have been noticed that Tilley had mortgaged any of his property.—*Johnson v. Wilson*, 137 Ala. 468; *Grimmer v. Nolan*, 40 South. 97. Where one or two innocent persons must suffer by reason of the fraud of the third person the loss must fall on that party who made the fraud possible.—*Allen, et al. v. Maury & Co.*, 66 Ala. 10. We call the court's attention to the case of *Mackey v. Cole*, 48 N. W. 520.

[Hickey v. McDonald Bros.]

SULLIVAN & STALLWORTH, for appellee. Counsel in·sist that the case should be affirmed and in support there·of, cite the former appeal in this case, 151 Ala. 479, and the annotations in this same case as reported in 13 L. R. A. (N. S.) 413. They further cite *Shealy v. Edwards,* 68 Ala. 417; *Foxworth v. Brown,* 114 Ala. 66; Tiedman on Sales, sec. 329.

ANDERSON, J.—When this case was here before (reported in 151 Ala. 497, 44 South. 201, 13 L. R. A. [N. S.] 413) this court held that the plaintiffs parted with the title to the mule under the sale. Consequently, on the trial from which this appeal is taken, the plain·tiffs were put to their title under the mortgage given them by the purchaser at said sale. As the mortgage had not been recorded, the issue was whether or not the defendant was such a purchaser as is protected under the terms of section 3386 of the Code of 1907. "Purchasers without notice," as mentioned in section 3386 of the Code of 1907, has been construed to mean bona fide purchasers without notice.—*Morris v. Bank of Attalla,* 142 Ala. 638, 38 South. 804; *Southern Association v. Riddle,* 120 Ala. 562, 29 South. 667. In the *Morris Case, supra,* it was held that, because the consideration of the subsequent purchaser was tainted with usury, he was in no position to invoke the statute of registration against the prior purchaser, whose mortgage had not been recorded, and of which the usurious mortgagee had no notice. If, there·fore, the fact that usury, constituting a part of the con·sideration, prevented the purchase from being bona fide, any facts put in the possession of the second purchaser, which should cause a prudent man to investigate, and which, if followed up, would lead to a defect in the ven·dor's title, and he failed to investigate before purchasing, he will not be a bona fide purchaser; or if the considera·

tion paid for the thing purchased is so grossly inadequate as to strike the understanding of an honest and intelligent man that the sale was not in good faith, the purchase would not be bona fide.—*Gordon & Rankin v. Tweedy,* 71 Ala. 213.

Our court, in discussing the right of subsequent purchasers to invoke the statute of registration against prior purchasers said, in the case of *Center v. P. & M. Bank,* 22 Ala. 743 : "It has been repeatedly held, and may now be considered as settled law, that if the subsequent purchaser be put in possession of such facts concerning the title which the vendor offers to sell as should cause a prudent man to inquire further before he would proceed with the purchase, he will be charged with notice required by the statute; and if he still goes to complete his purchase he does so at his own peril and will not be allowed to invoke the protection of the statute of registration. * * * When a second purchaser is affected with such notice he can acquire no equity, because it is his own folly to expend money under such circumstances; and it is not just that by such purchase he should be permitted to deprive the first purchaser of the title he has acquired by sale made to him bona fide, and on which a full and valuable consideration has been paid to the vendor. Such second sale would be fraudulent in the vendor; and if the subsequent purchaser is, or from the circumstances surrounding him ought to be, in possession of facts sufficient to put him on his guard, he becomes particeps fraudis, and is entitled to so protection." See, also, *Smith & Co. v. Zurcher,* 9 Ala. 208. The case of *Jones v. State,* 113 Ala. 95, 21 South. 229, is not applicable to section 3386 of the Code of 1907, although cited under said section. The section there held as not pertaining to bona fide purchasers was section 999 of the Code of 1896 (section 3376 of the Code of 1907).

[Hickey v. McDonald Bros.]

It must be observed that whether the facts put into the possession of the second purchaser would or would not, if followed up, lead to a discovery of the first purchaser's title, yet if they are such as to put a prudent man on inquiry as to the vendor's title, and the second purchaser consummates the sale without ascertaining that the vendor had the right to sell he cannot invoke the statute of registration against a prior bona fide purchaser, because he is not himself a bona fide purchaser, and does not come under the protection of the statute. There was evidence from which the jury could infer that the defendant was in the possession of facts that would question the vendor's title to the mule and his right to sell the same, and which would put a prudent man upon inquiry before consummating the purchase, and which, if followed up, would disclose that the vendor did not have the right to sell the mule, whether they led to knowledge of the plaintiffs' mortgage or not. There was evidence in this case from which the jury could have inferred that the defendant was in possession of facts sufficient to put him upon inquiry as to the title of Tilly, and which, if followed up, would have led to a discovery of its imperfection. Tilly was working for the defendant as a day laborer for small wages, was hard up, and continually overdrawing his wages. Tilly claimed to have gotten the mule from Payne under a $250 mortgage held by him. Payne was represented as living near Spring Hill, which is in the same county. In addition to this, there was the statement of the defendant, made to one of the plaintiffs, that Tilly was lying around his place trying to sell the mule, and he finally paid him $50 for a mule agreed to be worth at the time $185. The trial court did not, therefore, err in refusing the general charge requested by the defendant.

Charge 3 and 5, requested by the defendant, were properly refused. They assume that the defendant was a bona fide purchaser, and instruct a finding for the defendant unless he had notice of the plaintiffs' mortgage, or of facts which, if followed up, would lead to notice of said mortgage. As we have heretofore set out, unless the defendant was a bona fide purchaser, he could not invoke the statute of registration, and it was a question for the jury as to whether or not he was such a purchaser.

Charges 4 and 7, requested by the defendant, were properly refused. They request a finding for the defendant unless he knew of the plaintiffs' mortgage, or of facts that would lead to notice of same, notwithstanding Tilly had a defective title. It is true these charges postulate both notice of the plaintiffs' mortgage and the fraud in the title of "Tilly;" but they instruct a finding for the defendant unless he had notice of both, or of facts which would have led to knowledge of both, when, under the law, notice of either fact postulated would cut off his defense as against these plaintiffs.

The judgment of the circuit court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON, DENSON, and MAYFIELD, JJ., concur.


