# Southern States F. & C. I. Co. *v.* Tanner.

*Bill to Rescind Purchase of Stock.*

(Decided November 28, 1912. 60 South. 81.)

*Corporations; Sale of Stock; Fraud; Equitable Relief; Evidence.*—Equity has jurisdiction to set aside a contract of purchase of shares of stock in a corporation which complainant was induced to execute by material false representations; the evidence in this case being held to justify rescission on the ground of false representations.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by J. W. Tanner against Southern States Fire and Casualty Insurance Company to rescind purchase of shares of stock because of material false representations. Decree for complainant and respondent appeals. Affirmed.

LAMKIN & WATTS, for appellant. Counsel discuss the errors assigned and insist that the chancellor was in error in his finding on the facts, but cites no authority in support of their contention.

GORDON & EDDINGTON, for appellee. The material false representations were sufficiently shown and alleged in avoidance of the contract.—Sections 4298 and 4299, Code 1907; *Leonard v. Roebuck,* 152 Ala. 315; *Whatley v. Sou. States F. & C. I. Co.,* 55 South. 620. An offer to rescind was not essential where fraud intervened.—*Martin v. Martin,* 35 Ala. 560; *Perry v. Boyd,* 126 Ala. 158.

McCLELLAN, J.—The equity of a bill practically identical with that presented on this appeal was affirm-

ed in *Whatley v. Southern States F. & C. I. Co.,* 173 Ala. 101, 55 South. 620; *Southern States F. & C. I. Co. v. Brannon,* 178 Ala. 115, 59 South. 60. The statement of facts there to be found will show the general theory upon which reliance is had for relief in this cause. The effort is to rescind a contract for the purchase of stock in a corporation for fraud. The chancellor granted the relief thus sought, and rendered a decree against respondent (appellant) for the sum of the two notes given by complainant (appellee) in compliance with the terms of the avoided contract

There are three false and fraudulent representations, by Cozart alone, averred. They are, to quote the bill, as follows: "That the said agent, M. W. Cozart, for the purpose of inducing the complainant to purchase shares of stock in the said company, represented to him, the complainant, as follows: (1) That the certificate of stock, which would be issued to him by the said company in the event he should purchase shares of stock in the said company, would show upon its face that the stock was twenty-five ($25.00) dollars per share. (2) That the Southern States Fire & Casualty Insurance Company had already declared a dividend of twenty-five (25) per cent. upon its stock, which said dividend would be payable some time during the month of December, 1910, and that, if he (complainant) bought shares of stock at that time, he (complainant) would participate in the said dividend. (3) That Adam Glass, who is a prominent citizen and business man of Mobile, Alabama, had then purchased stock in the said Southern States Fire & Casualty Insurance Company to the amount of twelve thousand and five hundred ($12,500.00) dollars."

Chief Justice Dowdell and Justices Anderson, Mayfield, Somerville, and de Graffenried entertain the opinion that the finding of the chancellor was correct,

and, therefore, that the decre should be affirmed, except that the interest computation should have been (as was ruled in *Southern States F. & C. I. Co. v. Brannon,* 178 Ala. 115, 59 South. 60) from January 7, 1911, instead of from July 7, 1910, to December 5, 1911, the date of the final decree, and the amount thereof consequently $104.23, instead of $162.05, as was erroneously ascertained. The decree will be corrected in that respect, and, as corrected, affirmed.

As to the subsequent contract for the purchase of the "second batch" of 35 shares, for which the $910 note was given by complainant, I cannot concur in the conclusion avoiding it. I do, however, concur in the conclusion that the contract for the 20 shares of stock, the "first batch," should be avoided upon the second and third grounds alleged in the bill. In my opinion, the testimony of complainant, viewed with the utmost favor to him, leaves the essential inquiry of his reliance upon Cozart's misrepresentations in entire uncertainty. Indeed, fairly considering his testimony, it seems to me to be clear that complainant relied, not upon what Cozart had said, but upon what his neighbor, Whatley, "reported," after an investigation of the matter. There is, as appears, no allegation charging a conspiracy, with Whatley as a co-conspirator.—*Jackson v. Collins,* 39 Mich. 557.

I am unwilling to affirm that which a burden-charged and interested litigant is himself satisfied to at least leave in a state of palpable doubt.

Corrected and affirmed.

DOWDELL, C. J., and ANDERSON, MAYFIELD, SOMERVILLE, and DE GRAFFENRIED, JJ., concur. SAYRE, J., not sitting.