[Southern St. F. & C. Ins. Co. v. Cromartie.]

# Southern St. F. & C. Ins. Co. v. Cromartie.

### Bill to Cancel Sale of Stock for Fraud.

(Decided April 17, 1913.   61 South. 907.)

*Contracts; Sale of Stock; Rescission; False Representation.*— Where an agent, in order to sell certain stocks of his corporation, made false representations to a third person in the presence of the complainant, who immediately opened negotiations to purchase certain shares thereof through the same agent, and the agent sold him certain shares with knowledge that he had been present at the former interview, and had heard the false statements made to the third party, it was the duty of the agent to inform complainant of the true facts before selling him the stock, and if he failed to do so, the fraud was the same as though the representations had been made to complainant in the first instance, amounted to a re-affirmation of them, and thus entitled complainant to rescind.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by A. B. Cromartie against the Southern States Fire & Casualty Insurance Company, to rescind for fraud the contract for sale of certain shares of stock in said corporation. Decree for complainant and respondents appeal. Corrected and affirmed.

LAMKIN & WATTS, for appellant. Representations which are mere matters of opinion are not such fraudulent representations as constitute a defense to an action on subscription.—Story's Eq., sec. 199; Thompson on Corp., sec. 722.

GORDON & EDDINGTON, for appellee. The representations were made in the presence of appellee, and were sufficient to authorize the rescission of the contract.— *Leonard v. Roebuck,* 152 Ala. 350; Secs. 4298-9, Code 1907; *Whatley v. S. S. F. & C. I. Co.,* in MSS.

SOMERVILLE, J.—The pleading and evidence in this case are substantially the same as in the cases of *This Appellant v. Brannon,* 178 Ala. 115, 59 South. 60, *Same v. Tanner,* 180 Ala. 30, 60 South. 81, and *Same v. Wilmer Store Co.,* 180 Ala. 1, 60 South. 99, decided adversely to appellant.

The point is made here, however, that the alleged false representations were made by defendant's agent Cozart to Brannon, and not to complainant, and hence the latter had no right to act upon them, nor to complain of their falsity.  The evidence shows that Cozart was engaged in selling defendant's stock to Brannon, and that the representations in question were made directly to him, but it shows also that they were made in the presence and hearing of complainant, and,. further, that they attracted his attention and enlisted his interest in the stock as an investment.  Immediately following the transaction with Brannon, complainant purchased from Cozart 20 shares of the stock.  Cozart knew of complainant's presence, and that he had heard the false statements made to Brannon.  Hence, to all intents and purposes, these representations were made to complainant, and, under the circumstances shown, he had a right to rely upon them.

Moreover, since Cozart knew that complainant was misinformed as to material facts, by Cozart's own willful statements, it became his positive duty to inform complainant of the true facts before he sold him the stock; and, failing to do so, his wrong was morally and legally the same as if he had originally made the false statements personally to complainant, and amounted in fact to a reaffirmation of them.

The interest allowed in the decree should have been on $500 instead of $520, making the true amount

$556.25. The decree will be corrected in this particular, and, as corrected, will be affirmed.

Corrected and affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.