No. 9283.

HENDRIE & BOLTHOFF MANUFACTURING & SUPPLY COMPANY
*v.* CENTENNIAL COAL COMPANY.

1. MECHANIC'S LIEN—*Trust Deed—Priority.*  A trust deed on lands
duly recorded takes precedence of a mechanic's lien the state-
ment of which is subsequently filed.

2. CONVEYANCE OF LAND—*Construed—Manifest Mistake.*  A deed of
trust described the premises conveyed as a certain quarter of
"Section 16" in a specified town and range, and this was
followed by the words "Also *excepting*" certain parts of "Sec-
tion 17", *held* that the word "excepting" was manifestly in-
serted by mistake, and should be disregarded as surplusage.

3. CONVEYANCES—*Defective Description—Records—Notice.*  An erron-
eous description manifestly disclosing what the error is, is
notice.

4. NOTICE—*What Suffices.*  Whatever is sufficient to attract the at-
tention and put the party upon his guard, calling for inquiry,
is notice of everything to which inquiry might lead.

*Error to Boulder District Court, Hon. Robert G. Strong,
Judge.*

Mr. WM. W. GRANT and Mr. ERNEST MORRIS, for plaintiff
in error.

Messrs. LILYARD. & SIMPSON, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action resulting from, and tried upon and
after, the consolidation of two causes:  The first was a
suit brought by The Hendrie & Bolthoff Manufacturing &
Supply Company to foreclose a mechanic's lien on the prop-
erty of The American Fuel Company.  The second was a
suit by The Centennial Coal Company to reform and fore-
close its deed of trust upon the same property.

The controversy is between the Hendrie Company, above
named, as claimant under the mechanic's lien, and The
Centennial Coal Company, as the holder of the deed of
trust.  Each of these two contending parties claims that
its respective lien is prior and superior to the lien held by

the other, so far as the same affects the land described in the mechanic's lien statement as being in section seventeen (17), township one (1) south, range sixty-nine (69) west, in Boulder County, Colorado.

The trial court upheld the claim and contention of The Centennial Coal Company, finding the mechanic's lien subordinate to the lien of the trust deed. The Hendrie & Bolthoff Manufacturing & Supply Company, holder of the mechanic's lien, brings the cause here for review.

The deed of trust, involved in this case, was executed, acknowledged, and recorded long prior to the time of the filing of the mechanic's lien statement, and as to the real estate affected by both instruments the mechanic's lien is postponed to the lien of the trust deed. 27 Cyc. 236.

The contention of the plaintiff in error is, in effect, that the deed of trust, as originally drawn, failed to cover or to convey any land in section 17, above mentioned, and that therefore the mechanic's lien as to such land was not subject to, nor affected by, the trust deed. The validity of this contention is the only question that need be determined upon this review, and its consideration must, of course, require an examination of the recitals and descriptions contained in the deed of trust.

Preceding the granting clause, in the deed of trust, it is provided that, until certain contingencies occur, the grantor is to have possession of and "mine the properties" conveyed. Further on, the property incumbered is referred to as "said mine and mining properties" and "mines," and it is agreed that the grantor shall pay to, or for the use of, the beneficiary, twenty cents per ton for all coal mined and sold.

Immediately following the granting clause in the trust deed, as the same is set forth in the Bill of Exceptions, are three paragraphs naming and describing certain properties. The first describes the land conveyed as "The southwest quarter (SW¼) of Section sixteen (16)" in a given Township and Range, together with all water rights belonging to such land, with certain exceptions. The second para-

graph enumerates further exceptions of parts of the property conveyed in the first. No other section, and no property in any other than Section 16, is mentioned in these two paragraphs.

The controversy in the instant case, and the hereinbefore mentioned contention of the plaintiff in error, arises as the result of the use of the word "excepting" at the beginning of the third paragraph. This paragraph relates to property contained in Section 17, and reads as follows:

"Also *excepting*—The East half (E½) of the southeast one quarter (SE¼) and the southwest one quarter (SW¼) of the southeast quarter (SE¼), Section Seventeen (17), Township One (1) South, Range Sixty-nine (69) West of the 6th P. M., excepting a strip of land through the southeast quarter (SE¼) said Section Seventeen (17) as a right of way for the South Boulder and Rock Creek Ditch, as same is now located across said land, with the right to operate said ditch and use the land on line of said ditch for repairing and enlarging, heretofore deeded by Thomas Autrey in an instrument recorded in book 86 at page 339 of the public records in the office of the County Clerk and Recorder of said Boulder County, also all water rights belonging to the above described land, being all of the real estate conveyed by the Centennial Coal Company to the grantor herein."

There are other recitals in the deed of trust which could be noted in this connection, but a consideration of them would not affect the result, and enough has been shown for the purposes of this opinion.

It is apparent, after considering the whole instrument and particularly the parts of the same which are above set forth, that it is intended, in the third paragraph of the trust deed following the granting clause therein, to *convey*, and not to except from any conveyance, a part of Section 17, and that the word "excepting", found at the beginning of the paragraph, was inserted by mistake and should be disregarded. The word in question does not mislead, and should be treated as surplusage.

Several reasons may be found, from the language of the trust deed, to make the foregoing conclusion imperative. The first is that no conveyance of any land in section 17 was previously made or mentioned, and no occasion or reason existed for making an exception since nothing had been previously described to which such exception could relate. Again, if no land in section 17 had been conveyed, it would be an absurdity to designate any part of such section as being excepted from the conveyance. It will be noted that the paragraph in question, above quoted, after describing a portion of section 17, excepts therefrom a certain right of way "located across said land." The words "said land," whether considered grammatically or with reference to the context, can refer only to the previously described parts of section 17, and indicate that such parts are conveyed since no reason or occasion would exist for excepting a right of way from a part of Section 17 unless that part were being conveyed.

For the reasons above indicated, we are of the opinion that the deed of trust, as above considered and without reformation, fairly shows, when read in its entirety, that it conveys "The East half of the Southeast one quarter," etc., of section 17, and that the word "excepting," preceding the description, was inserted by mistake and should be disregarded as surplusage. The plaintiff in error, claimant under the mechanic's lien statement, had constructive notice of the fact that the deed of trust did convey a part of section 17, under the rule which is briefly stated in section 490, Jones on Mortgages, as follows:

"When a description in a deed or mortgage is erroneous, and it is apparent what the error is, the record is constructive notice of the deed or mortgage of the lot intended to be described."

In 27 Cyc. 1209, concerning the record of a mortgage containing an erroneous description of property, it is said that "if it is apparent from the face of the record that there is a mistake or misdescription, which is capable of being corrected from other parts of the same instrument,

or other details of the same description, it operates as constructive notice" to subsequent purchasers or lienors of the property mortgaged.

If for any reason, it can be said that the error, above mentioned, is not clearly apparent, nevertheless the use of the term "excepting," in that instance, is clearly unusual, and is such a circumstance as would induce inquiry and lead to the fact that the term is surplusage and that the trust deed *conveys* land in Section 17. The rule applicable in this connection, and resulting in the conclusion above stated, is expressed in a quotation found in *Woodruff v. Williams,* 35 Colo. 28, 44, 85 Pac. 90, 5 L. R. A. (N. S.) 986 as follows:

"It is a well established principle that whatever is notice enough to excite attention, and put the party upon his guard, and call for inquiry, is notice of everything to which such inquiry might have lead. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it."

If the description of the property in a mortgage or deed of trust "is ambiguous or incomplete, it is sufficient to put such persons on inquiry." 27 Cyc. 1209. This principle has been recognized in *Perkins v. Adams,* 16 Colo. App. 96, 63 Pac. 792, where the court said:

"A purchaser of land, or one asserting an interest in or claim upon it, is presumed to have notice of everything which the record discloses concerning the title; and if in a deed which constitutes a link in a chain of title, there is a recital, or an inference, or a word, which is not self-explanatory, but which indicates the existence of some condition by which the title may be effected, he is bound to follow up the clue by investigation; and he will be charged with knowledge of the facts to which it points, whether he makes the investigation or not. No doctrine is more thoroughly established than this, that what is enough to put a purchaser on inquiry, is equivalent to actual notice, and that when he has information sufficient to lead him to a fact, he will be presumed to know it."

The use of the word "excepting" was, under the circumstances hereinbefore mentioned, notice enough to excite attention, and call for inquiry. In pursuing the inquiry concerning what property was conveyed by the deed of trust, it was the duty of the plaintiff in error to examine the entire instrument. In doing so it would be found that the description of the property conveyed concludes with the expression, "being all of the real estate conveyed by the Centennial Coal Company to the grantor herein." The instrument thus referred to should be considered and examined, and when done in this case it would be found, as shown by the bill of exceptions, that the deed referred to conveys parts of Section 17 in exactly the same language as does the deed of trust, except that it omits the word "excepting" at the beginning of the description. Another circumstance, among others, which can be noted, is that where the deed of trust refers to "mines" or to "mining properties," no section or section number is mentioned, which leads to the inference that the mines are located in both section 16 and section 17.

The deed of trust in question was reformed by the trial court so as to eliminate the word "excepting," hereinbefore mentioned. The reformation or correction of the description of the property conveyed in the deed of trust could not have been to the injury of the plaintiff in error, since, in view of what has been stated in this opinion, the deed of trust would have priority over the mechanic's lien even without reformation, and this being the case, it becomes unnecessary to discuss other propositions argued in the brief of plaintiff in error. We find no reversible error in the record.

The judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.

Decided June, A. D. 1919. Rehearing denied Oct. 6, A. D. 1919.