(100 South. 778)

SCOTT v. THOMAS et al.   (7 Div. 455.)

(Supreme Court of Alabama.   June 12, 1924.)

1. Mortgages �জ48(1)—When record of mortgage containing defective description, constructive notice, stated.

If description in mortgage wholly fails to identify land to be incumbered, or by mistake is so expressed as to be applicable only to a different tract of land, so that it could not be enforced without invoking aid of court of equity to reform it, record is not notice to subsequent purchasers or lienors; but if description is merely ambiguous or incomplete it is sufficient to put such persons on inquiry.

2. Mortgages ⊘48(1)—Defective description in mortgage of record held constructive notice to person dealing with property.

Description in mortgage of record held merely ambiguous and incomplete, and sufficient to put on inquiry person dealing with property.

3. Mortgages ⊘171(6)—Mortgage filed for record constructive notice, though not indexed.

Mortgage filed for record was constructive notice though not promptly indexed, mortgagee not being responsible for acts of officer of probate.

4. Interest ⊘13, 61—Attaches as incident to debt or money demand; begins to run after maturity.

Interest attaches as an incident to debt or money demand, and begins to run after maturity, in absence of contrary stipulation in instrument evidencing debt.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Bill in equity by W. A. Thomas against L. A. Taylor, K. E. Taylor, and C. J. Scott. From the decree, respondent Scott alone appeals.   Corrected and affirmed.

The bill shows that on February 21, 1920, L. A. and K. E. Taylor executed to A. J. Taylor a mortgage to secure the purchase price of certain lands, the final installment of which was due November 15, 1922; that the mortgagee, in dividing up his property among his children, took several smaller notes from the mortgagor instead of one large note; that the complainant has become the owner, by transfer and assignment, of the mortgage, securing an indebtedness of $224.80.

It is alleged that a mistake was made in the mortgage in describing the land intended to be conveyed, the description therein being as follows:

"The following described real estate, situated in De Kalb County, Alabama, to-wit: 53, rods and 5½ feet running North out of the North West Quarter of South West Quarter Section 24, Township 7, S. of Range 6, East and also out of South Half of S. W. ¼ of N. W. ½ of Section 24, Township 7, S. of Range 6, East running North and South 86, and ⅔ out of N. W. ¼ Township 7, Range 6, East, and 13 and ⅓ acres out of S. W. ¼ of N. E. ¼ Section 24, Township 7, South Range 6, East containing Forty acres more or less."

And it is averred that it was the intention of the parties that the mortgage convey "a strip of land 53 rods and 5½ feet wide along the west side of the northwest quarter of the southeast quarter and along the west side of the south half of the southwest ¼ of the northwest quarter of section 24, township 7 south range 6 east"; a particular description of the land intended being as follows:

"Beginning at the southwest corner of the northwest quarter of the southeast quarter and running north 120 rods on the half mile line, thence 53 rods and 5½ feet to a corner, thence south 120 rods, thence west 53 rods and 5½ feet to the point of beginning in section 24, township 7, range 6 east, containing 40 acres, more or less, and being a part of the northwest quarter of the southeast quarter and a part of the southwest quarter of the northeast quarter of said section in De Kalb county, Ala."

It is further alleged that C. J. Scott claims to own the land in question through foreclosure of a mortgage thereon executed to him by L. A. and K. E. Taylor on June 24, 1920; that the mortgage held by complainant was filed for record May 4, 1920, and that "Scott had notice of the mortgage held by the complainant at the time the mortgage upon which he relies was executed."

It is prayed that the mortgage be reformed to comply with the intention of the parties, and that, as reformed, the mortgage be foreclosed.

The description of the land in the mortgage executed to Scott, as exhibited with his answer, is the same as that averred by complainant to be the correct description of the land.

The note secured by the mortgage held by complainant, as introduced in evidence, is for $224.80, bears date April 15, 1920, and is due and payable November 1, 1921, no provision being made therein for interest.

Decrees pro confesso were entered against L. A. and K. E. Taylor. The trial court decreed a reformation of the complainant's mortgage as prayed, and ordered its foreclosure unless payment be made of the amount due upon the note for $224.80, dated

---

⊘For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

April 15, 1920, found by the court to be $288.17 at the date of the decree (January 8, 1924). From this decree respondent Scott prosecutes this appeal.

Isbell & Scott, of Ft. Payne, for appellant.

Record of a conveyance, void for want of description, is not notice to a subsequent purchaser. 27 Cyc. 1209. In the absence of a provision to the contrary, interest runs from the maturity of an obligation. Zimmern v. Standard Motor Co., 205 Ala. 580, 88 South. 743; Hollingsworth & Co. v. Hammond, 30 Ala. 668; Whitworth v. Hart, 22 Ala. 343; Ala. City R. R. v. Gadsden, 185 Ala. 263, 64 South. 91.

Baker & Baker, of Ft. Payne, for appellees.

Record of the prior mortgage was sufficient to put appellant upon notice. Hickey v. McDonald Bros., 160 Ala. 300, 48 South. 1031. The fact that the mortgage was not indexed can avail appellant nothing. Amos v. Givens, 179 Ala. 605, 60 South. 829. If there is error in calculation of interest, the decree may be corrected and affirmed. So. States F. & C. Co. v. Brannon, 178 Ala. 115, 59 South. 60.

THOMAS, J. The decree appealed from required reformation of the description of lands mortgaged, and a foreclosure was ordered to enforce payment of the debt secured thereby.

[1] The general rule as to erroneous description of property as contained in a mortgage is stated in 27 Cyc. p. 1209, as follows:

"If the description of the property in a mortgage wholly fails to identify that intended to be incumbered, or by mistake is so expresed as to be applicable only to a different tract or lot, so that it could not be enforced without invoking the aid of a court of equity to reform it, the record of it is not notice to subsequent purchasers or lienors. But if the description is merely ambiguous or incomplete, it is sufficient to put such persons on inquiry; and if it is apparent from the face of the record that there is a mistake or misdescription which is capable of being corrected from other parts of the same instrument, or other details of the same description, it operates as constructive notice."

See, also, Jones on Mortgages, § 490; Hendrie, etc., Co. v. Continental Coal Co., 67 Colo. 350, 184 Pac. 360; Zurfluh v. Hartman, 103 Wash. 452, 174 Pac. 963.

On this subject our court declared in Gill v. More, 200 Ala. 511, 515, 76 South. 453, 457:

"Our court has held that a description in a recorded mortgage may be good as between the parties, and yet insufficient to deprive a purchaser from the mortgagor of his bona fide right to the mortgaged property, acquired without notice (Stickney v. Dunaway, 169 Ala. 464, 53 South. 770); that if property conveyed is not so described as to identify it with reasonable certainty, there is nothing to put the searcher of the record proper on inquiry, and such record will not give constructive notice of the conveyance (Hickey v. McDonald Bros., 160 Ala. 300, 48 South. 1031); that the name of 'A. W. Dixon' was not notice that the mortgage so recorded was executed by 'J. W. Dixon' (Johnson v. Wilson & Co., 137 Ala. 468, 34 South. 392, 97 Am. St. Rep. 52); that a record disclosing one 'McCinney' as the mortgagor was not notice to a purchaser of the mortgaged property from 'McKinney' (Grimmer v. Nolen, 146 Ala. 466, 40 South. 97); that the record of a mortgage signed 'W. H. McDonald' is not constructive notice that the same was executed by 'W. N. McDonald' (First National Bank of Opp v. Hacoda Mercantile Co., 169 Ala. 476, 53 South. 802, 32 L. R. A. [N. S.] 243, Ann. Cas. 1912B, 599); that the registration of a prior mortgage purporting to have been executed by 'J. A. Johnson' did not impute constructive notice to a subsequent mortgagee of one who signed the name as 'J. T. Johnson' (Ozark City Bank v. Planters' & Merchants' Bank, 73 South. 72 [1])."

[2] The description in the mortgage exhibited by the pleadings was merely ambiguous and incomplete, yet sufficient to put on inquiry a person dealing with the property in question. The area is stated in the description, the location of the land indicated in the quarter sections of section 24, township 7 south of range 6 east. It being duly filed for record in the probate office of the county where the land lay was sufficient to charge with constructive notice and to place upon respondent the duty of inquiry. Moreover, the evidence shows that respondent knew that L. A. Taylor purchased from his father, A. J. Taylor, the land upon which he was giving Mr. Scott the mortgage; that said purchaser made a mistake in the description in the first deed to L. A. Taylor, and appellant had that description corrected by making a second deed; that he either read or had read to him the description in the deed from A. J. to L. A. Taylor. That description in the first deed, which respondent had corrected by the second deed, was that contained in complainant's mortgage, as shown by the testimony of B. F. Gilbert. These facts, together with the record notice of complainant's mortgage, were sufficient to warrant the relief granted by the trial court.

[3] Appellant admits that complainant's mortgage was filed for record before that to respondent, and that the same was not promptly indexed. If this be true it was not complainant's fault, and did not affect the constructive notice which its filing for record gave under the statute. The mortgagee had done what the law required of him by lodging the mortgage with the proper officer in the probate office for recordation. This was sufficient. Mr. Scott recognizes this in

[1] 197 Ala. 427.

his testimony. Town of Carbon Hill v. Marks, 204 Ala. 622, 625, 86 South. 903, and authorities.

[4] The decree will be corrected as to the calculation of interest from its due date, November 1, 1921, as shown by this record, and not from 1920, as calculated by the trial court. Southern States F. & C. I. Co. v. Brannon, 178 Ala. 115, 59 South. 60, Southern States F. C. & I. Co. v. Tanner, 180 Ala. 30, 60 South. 81; Southern States F. & C. I. Co. v. Cromartie, 181 Ala. 295, 61 South. 907. Interest attaches as an incident to the debt or money demand, and begins to run after maturity, in the absence of a contrary stipulation in the instrument evidencing the debt. Zimmern v. Standard Motor Car Co., 205 Ala. 580, 88 South. 743. The evidence of the debt and mortgage in question did not stipulate for interest before maturity on November 1, 1921.

Appellees' counsel consent that the decree be reduced by the amount of this excess interest of $24.03. The amount of the decree is reduced by said sum. The appellees will be entitled to interest on the reduced amount of the decree from the date of its rendition, but they are not entitled to the statutory penalty. The costs of the appeal are divided between the respective parties.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

