DANIEL HOLCOMBE THOMAS, Senior District Judge:
The Trustee brings this appeal following a reversal of a favorable Bankruptcy Court ruling by the District Court. The debtors in this case are Frederick Daniel Hagendorfer and Brenda Faye Hagendorfer; the creditor is the United States Small Business Administration (SBA). The issue before this court is: Where it is uncontested by the parties that a mutual mistake was made in describing the real estate which was the security for a mortgage, may the creditor reform the mortgage to conform to the original intent of both parties even *648 though the debtor has filed for bankruptcy? In other words, did the recording of a mortgage with a misdescription of the security, the same misdescription of the real estate as was found in the debtor’s deed, constitute either actual or constructive notice of the mortgage to an unsecured creditor of the debtor. This Court in AFFIRMING the District Court agrees that the Bankruptcy Court erred in concluding that the debtor-in-possession acting as the trustee had no notice, actual or constructive, of the error in the properly recorded, albeit misdescribed, mortgage conveyance.
UNCONTESTED FACTS:
On April 7, 1978, the debtors executed a promissory note in favor of the SBA in the principal amount of $122,900.00 at 3% interest per annum. As security for the promissory note, the debtors executed a mortgage covering the real property in question as follows:

Parcel I:

The west half of the southwest quarter of the southeast quarter of Section 29, Township 9 south, range 6 east, Baldwin County, Alabama.

Parcel II:

The northeast quarter of the northwest quarter of Section 32, Township 7 South, Range 6 East, Baldwin County, Alabama.
The April 7,1978, mortgage was filed for record on April 19, 1978, in Book 13 at Page 838 in the Office of the Judge of Probate, Baldwin County, Alabama. The description of the real property as set forth on the April 7,1978, mortgage[1] is the same as and was taken directly from the warranty deed to the property which was filed on January 27, 1977, in the Office of the Probate Judge, Baldwin County, Alabama. Both the mortgage and the deed misdescribe the property in Parcel I as being in Township 9, instead of properly describing it as being in Township 7 where the debtors resided. A bankruptcy hearing was held on January 4, 1985, to determine the right of the parties to reform the misdescription of the real estate in the mortgage. Frederick D. Hagendorfer, who was called as a witness, testified that the first parcel listed on the April 7, 1978, mortgage was incorrect. Hagendorfer told the Bankruptcy Court that the property should have been described as follows:

Parcel I:

The west half of the southwest quarter of the southeast quarter of Section 29, Township 7 south, range 6, east, Baldwin County, Alabama.
(Hagendorfer’s correction inserted “7” after township and before south, instead of “9” as it appeared in the mortgage.) He further testified that it was his intent to give a mortgage to SBA on the property as correctly described above and not a mortgage on the property as described in the mortgage. Scott Humphrey, a SBA employee, testified at the hearing that it was SBA’s intent to take a mortgage on the property in township 7, where the debtors resided, not the property which was misdescribed as being in township 9 in the mortgage. Further evidence at the trial showed that the parcel, as described in the mortgage, would be found in the bottom of the Gulf of Mexico.

Discussion:

This is a bankruptcy case, however, Alabama law should be applied to determine whether a mortgage may be reformed where a mutual mistake existed at the outset.
Ala. Code § 35-4-153 (1975) provides:
[w]hen, through ... a mutual mistake of the parties ... a ... mortgage ... does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as this can be done without prejudice to rights acquired by third persons in good faith and for value.
The primary requirement of this statute is proving a mutual mistake occurred be *649 tween the parties and that the mortgage does not express the true intent of the parties. Touchstone v. Peterson, 443 So.2d 1219, 1222 (Ala.1983). The uneontested facts clearly reveal a mutual mistake occurred between the Hagendorfers and the SBA concerning the legal description of the property on the mortgage.
In Touchstone, the court further held that reformation is generally granted as against those in privity with an original party if the lien or title was obtained “with notice of the existing equitable right to reformation.” Touchstone, 443 So.2d at 1222. See also, Gilmore v. Sexton, 254 Ala. 560, 49 So.2d 157, 159 (1950). According to Scott v. Thomas, 211 Ala. 420, 100 So. 778, 779 (1924), reformation will ordinarily be granted where the description is “merely ambiguous and incomplete, yet sufficient to put on inquiry a person dealing with the property in question.” The court in Touchstone recognized the rule of law in Alabama, a mortgage will not be reformed where this will result in prejudicing the rights of a bona fide purchaser, without notice and for value. Touchstone, 443 So.2d at 1222. The Alabama Supreme Court in Lightsey v. Stone, 255 Ala. 541, 52 So.2d 376, 381 (1951) gave the following definition of what constitutes a bona fide purchaser for value and without notice:
“In order to constitute one a bona fide purchaser and entitle him to the protection of the rule, as against a prior equity or conveyance, it is essential: * * * (1) that he is the purchaser of the legal as distinguished from an equitable title: (2) that he purchased the same in good faith; (3) that he parted with value as a consideration therefore by paying money or other thing of value, assuming a liability or incurring an injury; (4) that he had no notice, and knew no fact sufficient to put him on inquiry as to complainant’s equity, either at the time of his purchase, or at, or before the time he paid the purchase-money, or otherwise parted with value * *
(Citations omitted and emphasis added)
The issue which now emerges is did the mortgage containing the erroneous township description which was properly recorded prior to the existence of the Trustee’s rights as a potential bona fide purchaser or hypothetical judicial lien creditor, serve as action or constructive notice of said mortgage and/or thrust upon the Trustee the duty to inquire. Courts in Alabama have long recognized the duty to inquire beyond the record in certain situations, as was explained in Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 So. 770, 771 (1911):
The record of an instrument entitled to registration imparts to such persons as are bound thereby constructive notice of all facts which they could have ascertained by an actual examination of such record, not only of those recited in the record, but also of those as to which it reasonably suggests an inquiry, and which would be disclosed by such inquiry.
* * * * * *
Where the property conveyed is not described sufficiently to identify it with reasonable certainty, and there is nothing to put the searcher on inquiry, the record will not give constructive notice of the conveyance. But the record, although defective as regards the description of the property, will nevertheless operate as notice, if sufficient to put a reasonable man on inquiry as to what property was actually conveyed. (Emphasis added)
Section 544 of the Bankruptcy Code, the “strong arm” clause, does not set aside the Trustee’s duty, as a hypothetical judicial lien creditor, to examine the record of title. Since the Trustee has the duty in Alabama to examine the record, he may be bound by erroneous, defective or incomplete matters of record, the discovery of which would lead to further inquiry.
In the case at hand, further investigation by any judicial lien creditor or purchaser of the Hagendorfers’ property would have revealed in the chain of title that the Hagendorfers’ deed to the property on which they resided contained exactly the same error in *650 the township description which appeared in the SBA’s misdescribed mortgage. A thorough examination of the Hagendorfers’ chain of title would have revealed the error in the legal description of the property and would have put a bona fide purchaser or judicial lien creditor on notice prior to the time when the debtors filed for bankruptcy.

Conclusion:

In conclusion, since constructive notice clearly existed to hypothetical judicial lien holders and potential bona fide purchasers in this case concerning the error in the SBA’s mortgage, the law in Alabama will permit a reformation of the mortgage. Under the circumstances of this case, such a reformation would not prejudice these hypothetical third party’s rights. Ala. Code, § 35-4-135 (1975), supra.
It is the Court’s opinion, the Trustee in this case is seeking rights greater than those possessed by the debtors and unsecured creditors of the debtors. In view of this and in light of the prior stated analysis, this Court cannot grant the Trustee’s request.
The District Court’s Order of December 30, 1985, is hereby AFFIRMED.

. There are more mortgages which have been subsequently filed on the real estate in question.