Sunshine Bank, formerly known as Sunshine Bank of Fort Walton Beach, and Albert Key and Dave Barrett, individually and doing business as Key and Barrett Partnership, appeal from summary judgments entered in favor of Cary Smith in an action seeking a declaration of the parties' respective rights and interests in a piece of real property located in Tuscaloosa, Alabama. We affirm.
In reviewing a summary judgment, the evidence is to be construed in the manner most favorable to the appellant, and all doubts are to be resolved against the appellee. Motes v.Matthews, 497 So.2d 1121, 1123 (Ala. 1986). The evidence, construed in that manner, suggests the following facts:
On November 17, 1989, Sunshine Bank obtained an award of $13,492.29 plus interest, against Sunbelt Homes of Destin, Inc., and Oliver Reeves and Danny R. Kemp, individually, in the Circuit Court of Okaloosa County, Florida, based on Count One of its complaint. Based on Count Two of its complaint, Sunshine Bank obtained a further award of $8,405.89 plus interest, against Kemp individually, thus obtaining a total judgment against Kemp of $21,898.18. On December 12, 1989, Sunshine Bank obtained another judgment against Sunbelt Homes of Destin, Inc., and Reeves and Kemp, individually, for $72,543.17. On March 2, 1990, Sunshine Bank properly filed the two certificates of judgment, which had been domesticated pursuant to the Uniform Enforcement of Foreign Judgments Act, with the Probate Office of Tuscaloosa County, Alabama. The judgments, along with "Certificates of Authenticity" under the Uniform Enforcement of Foreign Judgments Act, were properly recorded. However, the judgments were not properly indexed under the name of Danny R. Kemp; therefore, Smith had no official notice of such judgments. On April 22, 1991, Albert Key and Dave Barrett obtained a judgment in the Circuit Court of Tuscaloosa County against Danny R. Kemp and James E. Blankenship II in the amount of $21,630. That judgment was recorded with the probate office on April 30, 1991, and it was correctly indexed under Danny R. Kemp's name as judgment debtor.
Sometime before July 3, 1990, Kemp entered into a contract with the Walker and Nesbitt families to purchase real property located at 802 Eleventh Avenue, Tuscaloosa, Alabama, and arranged for Cary Smith to lend him $48,000 of the $56,000 purchase price in exchange for a first mortgage on that property. On July 3, 1990, Kemp received a deed (Deed I) from the Walker and Nesbitt families to real property in Tuscaloosa County and executed a mortgage (Mortgage I) to Cary Smith for the property that was covered in the deed. Deed I and Mortgage I were recorded with the Probate Office of Tuscaloosa County on July 5, 1990. However, there was an error, and both Deed I *Page 967 
and Mortgage I actually covered the property next door to the property that Kemp intended to purchase. That property had never been owned by the Walkers or the Nesbitts. At some time before May 29, 1991, it was discovered that Deed I from the Walkers and the Nesbitts to Kemp contained an incorrect description of the 802 Eleventh Avenue property. On May 29, 1991, the Walkers and the Nesbitts executed a deed (Deed II) to the property at issue in this appeal, 802 Eleventh Avenue, and delivered it to Danny R. Kemp. This deed was termed, on its face, a "corrective instrument." On June 19, 1991, a mortgage (Mortgage II) on the property transferred in Deed II was filed in the Probate Office of Tuscaloosa County, Alabama, as was Deed II. It appears that Mortgage II was executed in July 1990, when Deed I and Mortgage I were executed and filed. Mortgage II was found in the file of an attorney, now deceased, who had been involved in the original transaction. It is unclear why the error was not made known at that time to all parties involved.
Sunshine Bank, Key and Barrett, and Smith are seeking a declaration of their respective rights in the real property known as 802 Eleventh Avenue, Tuscaloosa, Alabama. The appellants put forth two arguments as to why their judgment liens should take priority over Smith's mortgage.
The appellants argue that the mortgage to Cary Smith from Danny Kemp does not constitute a purchase money mortgage because of the 11-month hiatus between the date of execution of the mortgage and the date of receipt of legal title to the property at issue, and, thus, does not give Smith's interest priority over the judgment liens of Sunshine Bank and Key and Barrett.
It is a well-settled principle of law that a purchase money mortgage takes priority over both previous and subsequent claims. Sherrod v. Hollywood Holding Corp., 233 Ala. 557, 558,173 So. 33, 34 (1937); 59 C.J.S. Mortgages § 231 (1965); D. Baker, Lawyer's Basic Guide to Secured Transactions 171 (1983). The reasoning behind this priority status is that a purchase money mortgage is "a limitation on the title which the mortgagor takes, rather than an encumbrance on the title conveyed." 59 C.J.S. Mortgages § 231. A purchase money mortgage has been defined by this Court as "[a] mortgage on land executed to secure the purchase money by a purchaser of the land, executed contemporaneously with the acquisition of the legal title thereto, or afterward, but as a part of the same transaction." Martin v. First National Bank of Opelika,279 Ala. 303, 184 So.2d 815, 816 (1966). The appellants rely heavily on the requirement that the mortgage have a contemporaneous execution or that it be a part of the same transaction, as set forth in Martin v. First National Bank ofOpelika, to support their argument that the mortgage in question is neither first in time nor first in right. They say that the mortgage obviously was not executed contemporaneously with the acquisition of legal title and that the 11-month delay prevents a finding that the execution of the mortgage was part of the same transaction as the acquisition of legal title.
The Court in Martin cites to C.J.S. for the temporal and or transactional requirement as laid out above. C.J.S. elaborates on this requirement adopted in Alabama and says that the execution of the two instruments need not occur "at the same moment, or even on the same day, provided the execution of the two instruments constitute[s] part of one continuous transaction and was so intended [by the parties involved]." 59 C.J.S. Mortgages § 231. Additionally, C.J.S. states that "the true test of a . . . purchase money mortgage is . . . whether the proceeds are to be used to apply on the purchase price." 59 C.J.S. Mortgages § 231. Here it is undisputed that Cary Smith transferred $48,000 (80% of the purchase price) from his account directly to the trust account of the attorney conducting the closing. Those funds were then transferred to the sellers (the Walker and Nesbitt families) in the form of a check drawn on the trust account, in exchange for what was thought to be a deed for the property in issue but which was actually a deed for the adjacent lot, which the sellers did not own and as to which, therefore, they could not transfer good and marketable title. The record indicates that all parties to the transaction believed and intended the deed to transfer title *Page 968 
to 802 Eleventh Avenue from the Walker and Nesbitt families to Danny R. Kemp, with a purchase money mortgage interest being taken in the property by Cary Smith. The record also indicates that Kemp purchased insurance on the 802 Eleventh Avenue property and that Smith was listed as an additional insured. The fact that there was an error in the original deed and mortgage does not alter the nature of the mortgage as it was originally intended.
Second, the Code of Alabama provides that "[w]hen, through mutual mistake . . ., a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised . . . so as to express that intention, insofar as this can be done without prejudice to rights acquired by third persons in good faith and for value." Code of Alabama 1975, § 35-4-153.[1] After a reformation, the corrected instrument "will be given effect in equity according to the intention of the parties, manifested by the recitals of them both, and the facts which occurred and existed at the time of their execution."Lauderdale v. Bailey, 236 Ala. 487, 489, 183 So. 648, 650
(1938). The clear intention, as manifested by all the parties to the contract and the mortgage, was that Kemp purchase the real estate known as 802 Eleventh Avenue from the Walkers and the Nesbitts, and that Smith provide the purchase money and receive in return a purchase money mortgage covering that real property. The appellants urge that to allow reformation in this case would prejudice their rights as acquired through their judgments against Kemp. This contention is incorrect, however, because the appellants gave no value for their alleged rights in the property. Reformation is, therefore, permitted. The appellants also argue that here the corrective instruments do not prevent their claims from having priority, and they cite toScott v. Thomas, 211 Ala. 420, 100 So. 778 (1924), which holds that "[i]f the description of the property in a mortgage . . . is so expressed as to be applicable only to a different tract or lot, . . . the record of it is not notice to subsequent purchasers or lienors." 211 Ala. at 421, 100 So. at 779
(quoting 27 Cyc. 1209). The issue in Scott was notice, which is not the issue in the present case. Here, there is no question whether Sunshine or Key and Barrett had notice, only whether Smith had a purchase money mortgage, which would give his claim priority over the judgments obtained by Sunshine and Key and Barrett. Additionally, this court held in Beasley v. MellonFinancial Service Corp., 569 So.2d 389, 393 (Ala. 1990), that "if the intent was to convey the property as it was known to exist, but the mistake was in the description, reformation is proper." (quoting McClintock on Equity, ch. 8, § 95, at 258 (1958).)
These factors, combined with the fact that there was no reliance by either Key and Barrett or Sunshine on the existence of this property to secure the debt owed to them by Kemp, lead to the conclusion that to allow Sunshine and/or Key and Barrett to take priority over Smith's claim would be unjust.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and HOUSTON, STEAGALL and KENNEDY.
[1] The instrument may be reformed by a court exercising its equity jurisdiction or by the parties themselves. Hyatt v.Ogletree, 31 Ala. App. 8, 12 So.2d 397 (1942).