MURDOCK, Justice
(dissenting).
I respectfully dissent.
I submit that “a reasonable search of the records,” see Ball v. Vogtner, 362 So.2d 894, 897 (Ala.1978), would have put Angel Barker and GMAC Mortgage, LLC, on notice “of facts which would cause a reasonable person to make an inquiry which would reveal the interest of a third party,’ ” namely Frank K. Bynum. Wallace v. Frontier Bank, N.A., 903 So.2d 792, 797 (Ala.2004) (quoting Rolling “R” Constr., Inc. v. Dodd, 477 So.2d 330 (Ala.1985)). Cf. Scott v. Thomas, 211 Ala. 420, 421, 100 So. 778, 779 (1924) (“The description in the mortgage exhibited by the pleadings was merely ambiguous and incomplete, yet sufficient to put on inquiry a person dealing with the property in question.”). See generally Leslie v. Click, 221 Ala. 163, 165, 128 So. 170, 172 (1930) (“A purchaser with sufficient information to stimulate inquiry which would lead to knowledge of adverse or hostile and superior claim or title, and fails therein, the injury is the result of his own folly — he is wanting in good faith, an indispensable element of a purchaser (for value) without notice — and a court of equity will not protect such reckless purchaser.”). Specifically, I suggest that, regardless of why it happened or whose fault it was, the recording of a mortgage under the grantor name “Davis Associates, LLC” would have been sufficient, under the old “well bound books” system, to stimulate further inquiry by a reasonable and prudent examiner concerned with finding conveyances from “Davis & Associates, LLC.” I see no reason why the result should be any different under the computerized system now used in Jefferson County. The fact that a computer now provides to the examiner an electronic “page” that is limited to precisely the wording and spelling, and perhaps even the spacing and punctuation, provided by that examiner in a. search request[1] does not alter the duty of the examiner to use that computer system to search the records in a manner that reflects that degree of human imprecision and inconsistency that has always characterized our recordation system and as to which examiners have always had a duty to be on guard.

. I question why the programming of the search engine used must yield such limited search results, but that is not a question we must examine in this case.