183 So. 648

## LAUDERDALE v. BAILEY.

### 6 Div. 317.

Supreme Court of Alabama.

Oct. 6, 1938.

C. E. Mitchell, of Hamilton, for appellant.

Thos. J. Carey, of Haleyville, for appellee.

FOSTER, Justice.

This is a proceeding in equity under statutory authority to settle a disputed boundary line. Section 6465, subdiv. 5; 6439, Code.

On and prior to August 3, 1920, A. K. Burleson was the owner of the East half of Southeast quarter, Section 20, Township 10, Range 11. On that day he sold and conveyed sixty acres of it to complainant. The sale was made at public outcry and the land was staked off. There is no trouble about the north forty; but it is with reference to the south forty, of which twenty acres were sold. The deed described the land as the East half of Southeast quarter of Section 20, except twenty acres of Southeast quarter of Southeast quarter, south of a certain public road containing sixty acres all in Section 20, Township 10, Range 11, West.

The public road extends east and west near the northern boundary line of the south forty. There are much more than twenty acres south of it. But the land was staked off so that across the east side of the forty from north to south, there was to be a portion of seventeen acres so that its west line was of uniform distance from the east line of the forty. So doing, there was a strip along the west side between the road and the north line of the forty, supposed to be three acres, and staked off down to the road. On this three acre tract was the dwelling house, well, outhouses and orchard. The dwelling is back from the road about one hundred feet and is the only road to which it is accessible.

Complainant went into possession of the land when he bought it in August, 1920, as thus staked down to the road, and has had it until a short time before this suit was filed, in possession down to the road, using it as his own. Soon after complainant bought the land, and in August, 1922, he made an effort to mortgage it to the Federal Land Bank. They discovered the imperfection in the description of the exception in the deed to complainant. Whereupon he procured from Burleson a deed of correction, which described the twenty acres in the south forty as being seventeen acres on the east side and three acres on the north side of the remainder of the forty, both of uniform width. It made no mention of the road as the line. But complainant continued to occupy the house and use the land to the road as originally contemplated, until a short time before this bill was filed, and for some fourteen to fifteen years.

Respondent had bought the balance of the forty, and had a survey made of the land embraced in the corrected deed to complainant. It showed that the three acres on the north side of the western portion of uniform width from the north line of the forty did not extend to the road. But that its south line was within a few feet south of the house and north of the well and orchard, and that there was about an acre and a half between it and the road. Thereupon respondent claimed this strip, and proceeded to take possession of it, resulting in this suit, which only concerns about an acre and a half which cuts off the dwelling from the road, and is about seventy-five to one hundred feet wide.

Only a few principles of law need to be here mentioned. When there is an exception in a description of land from a larger tract, the latter being fully described, but the exception not being so, the exception is void for uncertainty, but the grant is good. Bromberg v. Smee, 130 Ala. 601, 30 So. 483; Smith v. Blinn, 221 Ala. 24, 127 So. 155.

Such is the status of the deed first made to complainant and passed to him the legal title of the land here in dispute. The corrected deed, while it may not have affected the legal title so as to divest any of the land out of the grantee in the first deed, will be given effect in equity according to the intention of the parties, manifested by the recitals of them both, and the facts which occurred and existed at the time of their execution. Lavender v. Lee, 14 Ala. 688. The relation of the parties will also be considered in the light of the statute of limitations and the acquiescence of the parties.

Although the corrected deed, when strictly interpreted, may not be sufficient to embrace the land in question, it is only in equity that its effect will be considered insofar as it may divest this strip out of complainant. The evidence is without dispute that when he bought the land the road was agreed on as the south line of this strip, as recited in the deed. When the corrected deed was made there was some dispute as to whether the exact description of the three acres was intended as conclusive regardless of where its south line should be. But since complainant occupied it and claimed it as extending to the road all the time until the ownership of the other portion was changed, and since to split it off would evidently be contrary to the interest of one buying it for a home, as so situated, and since no claim to the contrary was made until after ten years' adverse possession had occurred, and never was made by the original grantor, or his successors, except respondent; we concur in the finding of the trial judge that the parties did not intend by the deed of correction to deprive complainant of any portion of the small strip of land conveyed in the first deed making the road the south boundary line.

Equity will not give such effect to the deed even though it is according to its strict letter when contrary to the intention of the parties, since such intention should be the controlling factor in determining their rights in this respect insofar as those rights are abridged by the deed of correction.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.